LOREN JOHNSON *et al.* v. STATE.

No. A-2999.   Opinion Filed December 7, 1918.

(176 Pac. 256.)

1. **APPEAL AND ERROR—Conduct of Trial Court—Necessity of Objection and Exception.** Where it is contended that the trial court prejudiced the substantial rights of the defendants by conducting in part the examination of one of the state's witnesses, proper objection should be made and exception taken to the court's action in the lower court. The trial court should be afforded an opportunity to correct any mistakes made during the progress of the trial, and, where such an opportunity is not given the trial court, the alleged misconduct must amount to a deprivation of some constitutional or statutory right guaranteed to the defendant before judgment of conviction will be set aside upon such ground, where the alleged error is first urged in this court.

2. **TRIAL—Admission of Evidence—Motion to Strike—Prejudice.** Where evidence is competent and material to the issues involved in the trial, it is not error to overrule a motion to strike the same from the consideration of the jury on the ground that such evidence is prejudicial and damaging to the defendant.

3. **APPEAL AND ERROR—Exclusion of Evidence—Presentation of Error.** Where the defendants ask a reversal on account of an alleged error in refusing to admit evidence offered, the record must show what the witness would have testified had he been permitted to answer the question, so that this court can determine whether or not the defendant was injured by the exclusion of evidence.

4. **APPEAL AND ERROR—Assignments of Error—Record.** Assignments of error must be clearly supported by the record; otherwise this court may not consider the same.

*Appeal from Superior Court, Pottawatomie County;*
*Leander G. Pittman, Judge.*

Loren Johnson and Ed Wilder were jointly tried and convicted in the superior court of Pottawatomie county of

the crime of conjoint robbery, and punishment fixed at imprisonment in the state penitentiary for a term of ten years each, and each appeals.  Judgments affirmed.

Loren Johnson and Ed Wilder were jointly charged and convicted of the crime of conjoint robbery committed in Pottawatomie county on or about the 29th day of January, 1916.

The evidence on the part of the state is, in substance, as follows:

The defendants appeared about 11:30 on Saturday morning, the 29th of January, 1916, at the McComb State Bank, a banking institution located at the town of McComb, in Pottawatomie county, Okla., of which bank one John Tripp was the cashier and was in charge of the institution at the time the robbery occurred.

According to the testimony of Tripp, Wilder first appeared at the cashier's window, and asked if a fellow by the name of Fox had been in the bank that day, and upon receiving a negative reply, started to turn around, and, when about half way turned, Wilder pulled a revolver out of his pocket, pointed it at Tripp, and ordered him to throw up his hands.  Tripp dropped beneath the counter of the bank for the purpose of procuring a pistol, which was hanging on a nail under the counter, and as soon as Tripp did this Johnson ran around and opened a small gate in the banking fixtures, which permitted him to see inside of the business counters, and also pointed a pistol at Tripp, when he (Tripp) was in a stooping position, and ordered him to throw up his hands, with which request Tripp complied.

At this time Johnson was wearing an improvised mask made of a blue colored handkerchief, which mask

persisted in dropping from his face, and Johnson would repeatedly place it back again; but the mask finally dropped down, and Johnson, seeing that it was useless to try to keep his face covered with it, just let it hang over his shoulder, so that his entire face was exposed to view.

Tripp was compelled, through fear and by means of the force employed, to go into the vault of the bank, and bring out the bank's money, to which Wilder and Johnson helped themselves to the extent of $1,767, mostly in gold and small bills, after which they compelled Tripp to open the back door of the bank, out of which they fled and escaped. Tripp, however, followed them to the door, after having procured his pistol, and fired several shots at them, none of which took effect, although after one shot Johnson was seen to fall.

Tripp's son, who was also in the bank, procured a small revolver out of the vault, and also followed the robbers quite a distance, and fired several shots at them. The robbers, however, succeeded in eluding their pursuers, and were traveling in a westerly and northerly direction when last seen.

Posses were immediately formed and started in pursuit. Andy Johnson, a brother of Loren Johnson, was arrested, but was afterwards released, when Tripp stated positively that he was not one of the robbers. On Monday evening following the robbery on Saturday night, the defendant Loren Johnson was arrested at the home of his brother, Dave Johnson. Tripp was a member of the arresting party, and at that place and time positively identified Loren Johnson as one of the robbers. Wilder was arrested the next day or two after the arrest of Loren Johnson, and was brought to the jail at Tecumseh, where he

was afterwards positively identified by Tripp. Between $500 and $700 in money was found in the possession of each of these defendants at the time of their arrest.

Johnson's defense was an alibi. Wilder introduced no evidence whatever in his defense.

*George A. Outcelt* and *W. L. Chapman,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. (after stating the facts as above). One of the assignments of error relied upon for reversal of this judgment is stated as follows:

"That the court committed error prejudicial to the rights of the defendants in its examinations of state's witness John Tripp, after the county attorney had completed his examination of said witness, and which examination by the court over the objection of defendants had a tendency to, and did, prejudice the jury against these defendants, and it was error on the part of the court to overrule defendant's motion to strike the questions and answers from the consideration of the jury, to all of which defendants excepted at the time."

In connection with this assignment of error, it is strenuously argued in this court that the action which most prejudiced the defendants in the trial court was the examination by the trial judge of the witness John Tripp.

After a careful examination of the record, we find that counsel for the defendants neither objected nor took exception to the court's conduct in the examination of the witness Tripp as being prejudicial. The conduct of the court in this examination was not mentioned in the motion for a new trial, and the first time it is urged as

grounds for reversal of this judgment is in this court. It is too late to first urge such an objection here. In order to save such a question upon appeal, counsel should promptly object to the court's action in asking questions which they deem prejudicial to the substantial rights of their client. If the court overruled such objection, then exception should be taken to the court's action at the time, and, further, such a ground should be submitted and relied upon for a new trial in the court below.

By such a course of conduct, counsel afford the trial court an opportunity to correct any mistakes he may have made during the progress of the trial; but it is not fair to the trial court to totally ignore the court's conduct in the lower court, and first urge misconduct of the trial court as grounds for reversal in this court. Where it is first relied upon as grounds for reversal in this court, such conduct must amount to a deprivation of some constitutional or statutory right guaranteed to the defendant before a judgment of conviction will be set aside upon this ground alone.

We find that the only action taken by counsel for the defendants in the lower court was a motion to strike from the consideration of the jury all the answers given by the witness Tripp to the court's questions, on the ground that they were prejudicial and damaging to the defendants. The trial court sustained an objection to this motion, to which counsel for the defendants excepted.

An examination of the record shows that the questions asked and answers given by the witness Tripp were competent and material to the issues involved. The answers were damaging to the defendants, in that evidence was elicited tending to prove the guilt of the de-

fendants, but the mere fact that the evidence was damaging to the defendants is not ground for striking the same, if it is otherwise competent and material. We see no error in the court's action in overruling the motion to strike.

The witness John Tripp was a very important witness to the state, being the cashier of the bank, and the person in charge of the money of the bank at the time of the robbery, and the conviction of these defendants depends largely upon his ability to positively identify them, and part of the testimony given by the witness in response to the court's questions was a positive identification of each of these defendants. This is the part of the witness' testimony most complained of, and it is contended that it tended to show to the jury that the court was greatly interested in the conviction of these defendants, because the trial court demonstrated that fact in the course of the examination given the witness John Tripp.

There might be some force to this argument had not the witness, previous to the trial court's examination, positively identified these defendants as the guilty parties. We find, however, that upon direct examination by the county attorney, and upon cross-examination by each of two counsel for the defendants, prior to the examination made by the court, the witness John Tripp was equally positive in his identification of these defendants.

The trial court was unusually fair to counsel representing the defendants in this case, having permitted the witness John Tripp to be subjected to most grueling cross-examinations by two able attorneys representing different defendants, and these cross-examinations were directed largely to the witness Tripp's means and opportunity for

identifying these defendants. We are impressed with the fact that the trial court was unusually fair and impartial to both defendants in permitting two counsel to cross-examine this witness, and we see nothing in the trial court's action, in connection with the examination of the witness John Tripp, which would justify us in reversing this judgment.

It is also contended "that the court committed error in refusing to admit competent testimony offered by the defendants, and to which action of the court exception was taken at the time." We quote from the brief of the counsel for defendants the argument advanced in connection with this assignment of error:

"It had been shown by the testimony of the witness Jno. Tripp that there was found quite a large sum of money in the possession of the defendant Johnson at the time of his arrest. The testimony was offered as an incident tending to establish guilt of the defendants.

"The witness was asked if he identified any of the money found as money taken from the bank by the robbers and if he had not brought suit to recover the same. This question was objected to by the county attorney, and the court sustained the objection, and the defendants saved an exception to the ruling of the court.

"That the proof of the possession of this money was introduced by the state, and intended to be a strong circumstance tending to show the guilt, is evident, and the court let this testimony go to the jury.

"The identification of the money taken from Johnson as money taken from the bank, or that it was not money from the bank, was not only competent, but very material.

"This witness was unfriendly, and one is forced to the conclusion that the answer of the witness would have been favorable to the defendant.

"Suppose that the answer of the defendants had been that the money found in the possession of the defendant Johnson was not the money taken from the bank by the robbers, it would have had great weight with the jury in determining the question of guilt."

Where it is contended that the court erred in refusing to admit competent evidence offered by the defendants, there must be some showing as to what the witness would have testified to had he been permitted to answer the question. Counsel argue, "Suppose the answer of the witness had been favorable to defendant." This court cannot deal in suppositions in connection with the alleged errors of this kind. The burden is upon the appellant to show that he was prejudiced by the court's action; the rule in this jurisdiction being that injury is not presumed because of error, but that the burden is upon the appellant to show not only error, but injury resulting therefrom.

The following cases are in point: *Fain v. State,* 14 Okla. Cr. 556, 174 Pac. 296; *Warren v. State,* 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; *Stouse et al v. State,* 6 Okla. Cr. 415, 119 Pac. 271; *White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010.

In connection with this assignment of error, also the following excerpt is copied from the record:

"A. Currency and gold. I don't know whether they got any silver or not. I could not say; I don't think they got any.

"Q. Can you tell this jury whether you identified any of this money? You brought a suit to recover this money.

"Mr. Friend: Object to the suit—

"The Court: Sustained.

### REDIRECT EXAMINATION.

"Q. What denomination were these currency bills? A. Well, I could not say to that; there was nothing larger than a twenty, and probably most of it fives and tens.

"Q. That is all.

### RECROSS-EXAMINATION BY MR. OUTCELT.

"Q. I want to ask you this question: Isn't it a fact the bank registers certain bills they have; how small is the smallest bill a bank keeps a registration of it? A. We don't keep any. This is a state bank.

"Q. Did not keep any records of that kind? A. No, sir; no, sir. It is just registered as currency.

"Mr. Outcelt: That is all."

It will be noted from the foregoing excerpt that the objection made by the county attorney to the question propounded did not go to that part of the question which called the witness' attention to whether or not he could identify any of the money found as part of that stolen, but merely the objection was directed to whether or not the witness had brought a suit to recover the money. The court very properly sustained an objection to that part of the question, and no exception was taken thereto. Certainly counsel did not consider the court's action either erroneous or prejudicial at the time the objection to the question was sustained, or else exception would have been taken, or at least an effort made to reform the question so as to eliminate the part which the court clearly indicated to be objectionable.

Other assignments of error set up in the petition in error as ground for reversal have been abandoned, and are not now urged by counsel representing appellants as ground for reversal of these judgments.

The entire transcript of the evidence, together with the instructions given by the trial court, has been carefully read and considered, and the conclusion is reached that the defendants were clearly proven guilty of the crime charged in the information, and were afforded a fair and impartial trial, and no error occurred during the progress of the trial sufficiently prejudicial to authorize this court to grant a new trial.

The judgments of conviction are affirmed as to each defendant.

DOYLE, P. J., and ARMSTRONG, J., concur.