## JONAS DE ARMAN v. STATE.

No. A-5183. Opinion Filed Dec. 5, 1925.
(241 Pac. 203.)

414

J. A. Minton and D. W. Tracy, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.   The plaintiff in error, Jonas De Arman, here referred to as the defendant, was convicted of the crime of assault with a dangerous weapon with intent to do bodily harm without justifiable or excusable cause. His punishment was fixed by the jury at imprisonment in the penitentiary for a term of two years.

Defendant was charged with having assaulted H. S. Mathews with a wrecking bar, described as a steel bar about 30 inches long and seven-eights of an inch in diameter, hexagon-shaped, with a hook at one end, and the other end shaped like a chisel.   The difficulty out of which the assault grew arose in this wise: The defendant and others were engaged in wrecking and moving a building in the town of Sayre; H. A. Mathews, the victim of the assault, had been commissioned by the mayor of Sayre to prevent persons from driving on and over some newly constructed paving and curbing.   The defendant and others, with a team and wagon, approached the place where Mathews was, and attempted to drive over some of the new curbing, when Mathews protested and ordered them to stop.   A heated

controversy arose, in which abusive, profane, and insulting language was used. After the team and wagon had been turned from the curb and had proceeded a short distance in the direction from which it had come, the defendant jumped from the wagon and seized this wrecking bar, and he and Mathews advanced toward each other. The defendant, gripping the wrecking bar in both hands, struck at Mathews, aiming the blow at his head. Mathews threw up his arm, receiving the full force of the blow on the arm, sufficient to crack or fracture the large bone in the forearm. Some bystanders a short distance away interfered, and the injured man was taken to a doctor's office, and the defendant was placed under arrest.

The assignments of error may be condensed into two: First, that the evidence is insufficient to support the verdict; second, that the trial court erroneously excluded competent evidence offered by the defendant, tending to show the state of mind of the injured person at the time of and before the assault.

It would serve no good purpose to analyze the testimony in detail. It is sufficient to state that we have examined the evidence and find that the testimony, while conflicting in many particulars, considered as a whole, is sufficient to support the verdict. The trial court correctly instructed the jury on the law of self-defense and upon the offense of assault and battery. Both of these issues were obviously decided against the defendant by the verdict of the jury.

The claim that the judge excluded competent testimony tending to show that the injured person entertained hostile feelings toward the defendant is not properly presented for review. The defendant made no offer to show what the witnesses would state if permitted to answer the questions. White v. State, 4 Okla. Cr. 143, 111 P. 1010; Warren v.

State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Johnson v. State, 15 Okla. Cr. 297, 176 P. 256.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.