## WILLIAM DEW v. STATE.

No. A-1300.  Opinion Filed September 14, 1912.

(126 Pac. 592.)

1.  TRIAL—Assessment of Punishment. Sections 2028, 2029, and 2030 (Comp. Laws 1909) of the Criminal Code delimitate the respective provinces of the court and jury as to the assessment of punishment in criminal cases.

2.  SAME—Rights of Jury—Instructions. To the constitutional right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed the statute gives the supplemental right to have the jury assess the punishment, where the defendant demands it. Held, that it was the imperative duty of the court, made so by the statute, to so instruct the jury upon the request of the defendant, and it was reversible error to refuse to do so.

(Syllabus by the Court.)

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

William Dew was convicted of a felonious assault, and appeals. Reversed.

*M. C. Reville,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of felonious assault, and sentenced to three years' imprisonment in the penitentiary. The judgment and sentence was entered on the 18th day of February, 1911. From an order overruling a motion for a new trial, and the judgment, the defendant appealed, by filing in this court on August 7, 1911, a petition in error, with case-made.

There are numerous errors alleged in the petition; but the only one necessary to notice is the assignment that the court erred in refusing the request of the defendant to allow the jury to assess and declare the punishment in their verdict, should they find the defendant guilty of the offense charged, or of an offense necessarily included in that charged against him.

Section 2028 (Comp. Laws 1909) of the Penal Code provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict and the court shall render a judgment according to such verdict, except as hereinafter provided."

Section 2029 provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

Section 2030 provides:

"If the jury assess a punishment, whether of imprisonment or fine, greater than the highest limit declared by law for the offense of which they convict the defendant, the court shall disregard the excess and pronounce sentence and render judgment according to the highest limit prescribed by law in the particular case."

Under the first section, in all cases of a verdict of conviction, the jury has the right to assess and declare the punishment

in their verdict, and upon the request of the defendant the jury must assess and declare the punishment, unless they fail to agree on the punishment to be inflicted; and if they find the defendant guilty, and fail to agree on the punishment, or to declare it in their verdict, or assess a punishment greater than the highest limit declared by law for the offense of which they convict, then, and then only, can the court assess and declare the punishment as provided by section 2029 and section 2030.

These sections delimitate the respective provinces of the court and jury as to assessment of punishment in criminal cases. To the constitutional right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed the statute gives the supplemental right to have the jury assess the punishment, where the defendant demands it. A refusal to instruct the jury of this right, when requested by the defendant, is prejudicial error, as being a denial of a substantial right given to him under the statute. It was the imperative duty of the court, made so by the statute, to so instruct the jury upon the request of the defendant, and it was reversible error to refuse to do so. The defendant also asked instructions defining included offenses, and they were refused. We think, under the evidence in the case, these instructions should have been given.

Reversed and remanded.

FURMAN, P J., and ARMSTRONG, J., concur.