## OTTO McSPADDEN v. STATE.

No. A-1476. Opinion Filed January 13, 1913.

(129 Pac. 72.)

1. **JURY—Trial by Jury—Assessment of Punishment.** (a) In all cases of conviction by a jury for any offense against the laws of the state of Oklahoma, if the defendant requests it, the court must submit the question of punishment to the jury, and it is error for the court to overrule such request.

2. **APPEAL AND ERROR—Disposition of Cause—Modification of Judgment.** (b) If the court refuses to submit the question of punishment of a defendant to the jury, when requested so to do, such refusal will not necessarily result in the reversal of a case, but this court upon appeal may so modify the judgment as will prevent injustice to the defendant.

3. **TRIAL—Conduct in General.** (c) Attorneys for a defendant are entitled to and must receive absolutely fair treatment at the hands of the trial court, and when this is not accorded them, and the error is of such a character that it may have influenced the jury in finding a verdict, a conviction will be reversed.

(Syllabus by the Court.)

*Appeal from Rogers County Court;*
*H. Tom Kight, Judge.*

Otto McSpadden was convicted of unlawfully selling intoxicating liquors, and his punishment was assessed at a fine of $500

and six months' imprisonment, and he appeals. Reversed and remanded for new trial.

*Archibald Bonds* and *J. I. Howard,* for appellant.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

FURMAN, P. J. We only deem it necessary to discuss one of the questions presented by the record. When this case was tried, counsel for appellant requested the court to instruct the jury that, if they found the defendant guilty, they might assess his punishment. This was denied by the court, to which action of the court appellant duly excepted at the time. Sections 2028 and 2029, Comp. Laws 1909, are as follows:

"Sec. 2028. Jury May Assess Punishment.—In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict and the court shall render a judgment according to such verdict, except as hereinafter provided.

"Sec. 2029. Failure of Jury.—Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

Under these statutes, it was appellant's right to have the question of punishment submitted to the jury if he so demanded, and to give the jury the privilege of assessing such punishment if they saw fit. The court therefore erred in overruling the request of appellant to submit the question of punishment to the jury.

Section 6955, Comp. Laws 1909, is as follows:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case, the cause must be remanded to the court below, with proper instructions, and the opinion of the court, within the time, and in the manner, to be prescribed by rule of the court."

In the case of *Fritz v. State, ante,* 128 Pac. 170, decided at the November term of this court, Judge Doyle, discussing this statute, said:

"Under this statute, this court, exercising its revisory jurisdiction, has the power and authority to modify any judgment appealed from by reducing the sentence. However, that power should not be exercised unless it is apparent that injustice has been done."

As the jury agreed unanimously that appellant was guilty, if the question of punishment had been submitted to them they could not have done less than fix his punishment at 30 days' confinement in the county jail and a fine of $50, while they might have assessed it at a fine of $500 and six months' imprisonment. If they had done so, we would not have regarded the punishment as excessive. The trial court did not have the right to substitute his judgment for that of the jury on the subject of punishment after the defendant had requested that this be left to the jury. If the matter had stopped here, we could and would have affirmed the conviction and modified the judgment by reducing the punishment to the least amount which could have been inflicted by the jury, and thereby have avoided the possibility of injury to appellant on account of the error of the trial judge.

In fact, we at first intended to make this disposition of the case, but, upon making a second and more careful examination of the case-made, we find that, when counsel for appellant requested the court to submit the question of punishment to the jury, the court not only did not comply with this request but fined counsel for appellant $5 for contempt of court, which he was forced to pay. In the case of *Ostendorf v. State, ante,* 128 Pac. 143, decided at the November term of this court, we clearly stated that it was the right and duty of counsel for a defendant to do everything that was fair and legal to protect the substantial rights of their clients, and in so doing they should be upheld by the courts. We have also repeatedly declared that attorneys for a defendant were entitled to and must receive absolutely fair treatment at the hands of the courts and prosecuting attorneys, and we intend to enforce this rule rigidly. It requires no argument to show that unfairness and justice cannot be harmon-

ized with each other. Counsel for appellant in this case was clearly within his rights in requesting the court to submit the question of punishment to the jury. To refuse to grant this request, and at the same time to adjudge counsel guilty of contempt of court and fine him for the same, was a flagrant outrage on his rights, and could not have been otherwise than injurious to appellant. Courts have no right to humiliate and outrage lawyers for the defense for doing their duty. The effect of this necessarily creates the impression upon the minds of the jury that counsel for the defense has been guilty of unfairness and improper conduct, and this is calculated to excite their prejudice against the defendant. It may be accepted as a cardinal principle of criminal jurisprudence that fairness is a necessary element in the trial of criminal cases in this state. Attorneys for the defense may rely with confidence upon the protection of this court as long as they act within their legal rights. This is as much our duty as it is to condemn their conduct when they are guilty of unprofessional practice.

Because of the conduct of the trial court as above pointed out, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.