## C. E. SILLIX v. STATE.

No. A-2121. Opinion Filed November 16, 1914.

(145 Pac. 305.)

APPEAL—Ground for Reversal—Failure to Instruct. Procedure Criminal, sec. 5933 (Rev. Laws 1910), provides that in all cases of a verdict of conviction, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law. **Held**, that on the trial of an information charging a misdemeanor, the failure of the court to instruct the jury that in the event they found a verdict of guilty they should assess and declare the punishment in their verdict, will not necessarily require a reversal of the judgment, but this court upon appeal may so modify the judgment as will prevent injury to the defendant.

(Syllabus by the Court.)

*Appeal from County Court, Pittsburg County;*
*B. P. Hammond, Judge.*

C. E. Sillix was convicted of a violation of the prohibitory law, and appeals. Modified and affirmed.

*G. Rosenwinkel* and *J. R. Miller,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was in the court below convicted of the offense of maintaining a place where intoxicating liquors were received and kept for the purpose of selling the same.   On the 3d day of September the court rendered judgment and sentenced the defendant to be confined in the county jail for a period of 30 days and to pay a fine of $300 and the costs.

It is only necessary to a determination of the case to pass upon one question.   It appears from the record that the court did not instruct the jury as to the punishment prescribed by the statute for the offense, and did not instruct the jury that in the event they found a verdict of guilty they should assess and declare the punishment in their verdict.   The Attorney General's brief concedes: "That in this regard the defendant was prejudiced in that the court rendered judgment for a greater punishment than the minimum fixed by law.   We, therefore, suggest that, under the power of this court to modify judgments, the judgment be modified so as to provide that the defendant be imprisoned in the county jail for a period of 30 days, and that he pay a fine of $50"—citing *McSpadden v. State,* 8 Okla. Cr. 489, 129 Pac. 72.

Under the law the punishment for the offense charged in the information is both fine and imprisonment.   See sections 3610, 3634, Rev. Laws.

Finding no other error in the record, that part of the judgment imposing the fine will be modified to read, "and to pay a fine of $50 and the costs."

The judgment as modified is hereby affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.