### FRANK DOWNS v. STATE.

No. A-4015.   Opinion Filed May 26, 1923.

(215 Pac. 217.)

(Syllabus.)

Appeal and Error—Trial—Duty to Direct Performed Verdict Where Jury Fails to Assess Punishment as Directed—Modification on Appeal. Where upon request of the defendant the jury are directed to declare the punishment in their verdict, and the jury, contrary to such instruction, render a general verdict without assessing the punishment, it becomes the duty of the court to direct the jury to reform their verdict, assessing the punishment. Where the court fails to do this, but it clearly appears that the defendant is guilty as charged, a judgment on such a general verdict will not for that reason alone be reversed, but may be modified as the circumstances may require.

Appeal from County Court, Harmon County; E. C. Aberna-

thy, Judge.

Frank Downs was convicted of the unlawful manufacture of whisky, and he appeals. Modified and affirmed.

Stewart & Edwards, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Plaintiff in error, Frank Downs, defendant below, was on March 4, 1921, convicted of the illegal manufacturing of whisky. The court assessed his punishment at a fine of $300 and 60 days in jail. From this judgment he appeals. It appears in this case that defendant had recently moved into premises where he found parts of an old still in a stone cave or cellar; that later a number of his relatives were invited to go with him on a fishing and duckshooting trip. The accused assembled the parts of the still and was in the act of manufacturing whisky to be used on this trip when the officers searched his residence and seized the outfit, together with three or four quarts of whisky. At this time some of the hunting and fishing party had arrived; others were expected to come later.

There is but one assignment of error seriously urged in the brief of defendant. At the close of the testimony and after the instructions of the court had been read to the jury, defendant requested the court to instruct the jury that they were required to fix the punishment in the event they found a verdict of guilty. The court thereupon instructed the jury as requested; the jury retired and after a brief deliberation returned into court with the following verdict:

"We, the jury, drawn, impaneled, and sworn in the above entitled cause, do upon our oaths find the defendant guilty, as charged in the information herein."

The defendant excepted to this verdict as "not being in conformity with the law." This exception is rather vague and indefinite, but we assume that the exception was taken, because the verdict was general and because the jury failed to fix the punishment. No finding or inquiry was made by the trial court as to why the jury failed to fix the punishment and no inquiry was made as to whether they were unable to agree upon the punishment. The statutes applicable to a condition like this are sections 2743, 2750, and 2751, Comp. Stat. 1921, as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall, upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can clearly be understood what is the intent of the jury."

Without asking the jury to reform the verdict to conform to the request of the defendant, the court pronounced judgment on the general verdict, assessing the punishment at a fine of $300 and 60 days in jail. This amounted to a denial of a statutory right, but since the defendant admits the making of the whisky it would be useless to grant a new trial. The judgment of the trial court is ordered modified, the punishment to be fixed at a fine of $50 and 30 days in jail, the minimum provided by statute. With such modification

the judgment below is affirmed.

MATSON, P. J., and DOYLE, J., concur.