## T. A. CRAIG v. STATE.

No. A-5025.   Opinion Filed June 12, 1925.
(236 Pac. 909.)

Burns & Turner, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   Plaintiff in error, T. A. Craig, was convicted on a charge of transporting whisky from a point unknown to a point on Frisco street in the city of Picher.   On the trial the jury returned a verdict finding the defendant guilty as charged in the information and adding, "The jury recommends leniency."

The record shows that the defendant requested that the question of punishment be submitted to the jury, and

asked that the jury be directed to retire and fix the punishment, which requests were denied. Thereupon the defendant objected to receiving of the verdict, which objection was overruled. Motion for new trial was overruled, and the court sentenced the defendant to be confined for 60 days in the county jail and to pay a fine of $500. Exceptions reserved.

The state relied for this conviction upon the testimony of N. C. Cox and C. E. Fletcher, deputy sheriffs; each testified that they saw the defendant driving an old farm wagon on Frisco street in Picher, with chickens, guinea hens, and eggs in it; that they stopped him and searched his wagon to see what he had in it, and found two half-gallon jars of whisky in a sack covered over with hay just back of where he was sitting in the wagon; that the defendant lived just across the state line in Kansas on a farm with his wife, a very feeble old lady, and he told them that he was taking the whisky home for his wife. The defendant did not testify.

Of the various assignments of error, it is only necessary to notice one, that the court erred in refusing the request of the defendant to allow the jury to assess and declare the punishment in their verdict.

The Code of Criminal Procedure provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided." Section 2750, C. S. 1921.

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and

declare the punishment and render the judgment accordingly." Section 2751.

Under the first section in all cases of a verdict of conviction, the jury has the right to assess and declare the punishment in their verdict, and, upon the request of the defendant, the jury must assess and declare the punishment, unless they fail to agree on the punishment to be inflicted; and if they find the defendant guilty and fail to agree on the punishment or to declare it in their verdict, then the court may assess and declare the punishment as provided by section 2751. These sections deliminate the respective provinces of the court and jury as to the assessment of punishment in criminal cases.

To the constitutional right of a speedy and public trial by an impartial jury of the county in which the crime shall have been committed, the statute gives the supplemental right to have the jury assess the punishment, where the defendant demands it. A refusal to instruct the jury of this right, when requested by the defendant, is prejudicial error, as being a denial of a substantial right given to him under the statute. Dew v. State, 8 Okla. Cr. 55, 126 P. 592; McSpadden v. State, 8 Okla. Cr. 489, 129 P. 72; Oelke v. State, 10 Okla. Cr. 49, 133 P. 1140.

For the error indicated, the judgment is reversed, and the cause remanded, with direction to grant a new trial.

BESSEY, P. J., and EDWARDS, J., concur.