## J. C. SIMPSON v. STATE.

No. A-7957.   Opinion Filed July 31, 1931.
(1 Pac. [2d] 823.)

Tom Payne, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of manslaughter in the first degree, and his punishment fixed at 99 years in the penitentiary.

At the time charged, defendant lived in the country near Henryetta. He was employed by an oil company to look after some of its machinery and on Christmas Day he made a round, carrying with him a 22 rifle. As he returned to his home, he saw two persons near a peanut patch belonging to defendant; he ran in the direction of them and fired the rifle three times, one shot striking Charles Williamson, a boy of 14 years of age, inflicting a wound from which he died in a few minutes.

The evidence for the state is that at the time deceased was shot he was running from defendant. Defendant contends the shooting was accidental. One witness testified he was at the home of defendant as he started toward the two boys near the peanut patch, and that defendant said:

"Those damn boys have stole all the peanuts I aim for them to steal."

The first contention is that the court erred in refusing defendant's request to instruct the jury they must assess the punishment. Upon this point, the court instructed the jury, in substance, that in case they found defendant guilty of murder they must assess the punishment and in case they found him guilty of manslaughter in either degree, that they might assess the punishment. The verdict finds defendant guilty of manslaughter in the first degree, and that the jury is unable to agree upon the punishment. Sections 2750, 2751, Comp. Stat. 1921,

are the applicable statutes. Under the first section, the jury had the right to declare the punishment in their verdict whether requested or not, and, upon request of defendant the jury must assess and declare the punishment, unless they fail to agree on the punishment. If they find defendant guilty and fail to agree on the punishment, or do not declare the punishment, the court shall assess and fix the punishment and render judgment accordingly. Craig v. State, 31 Okla. Cr. 19, 236 Pac. 909.

It is earnestly argued that, under all the circumstances, the sentence imposed is excessive and unreasonable. This is fortified somewhat by the claim that counsel for the state made some improper argument, and that in the course of the trial there was some demonstration in the courtroom. The court admonished the jury not to consider the improper argument alluded to; the record does not sustain the contention that there was any demonstration. This was indeed an unfortunate and unnecessary tragedy. Defendant and the family of deceased were on friendly terms, and in the light of the entire record we are constrained to believe the punishment assessed is excessive, and that justice requires a modification. The judgment is, therefore, modified to a term of 25 years. As modified, the case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.