# E. M. LANDRUM v. STATE.

No. A-9024.   Aug. 7, 1936.
Rehearing Denied Dec. 31, 1936.
(63 Pac. [2d] 994.)

Jesse L. Ballard, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and S. H. Lattimore, Asst. Atty. Gen., for the State.

260

GIBSON, S. J. The plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Craig county of the crime of embezzlement, and his punishment was fixed by the court at a fine of $32,-086.55, and imprisonment in the state penitentiary for a period of five years.

The information, omitting the formal parts, charges "that E. M. Landrum and Ralph J. Hutchman, did, in Craig County, in the state of Oklahoma, on or about the 1st day of July, in the year of our Lord, One Thousand Nine Hundred and Thirty Four, and anterior to the presentment hereof, commit the crime of embezzlement of public funds, in the manner and form as follows, to wit:

"That the said E. M. Landrum and Ralph J. Hutchman, in the County and State aforesaid, on the 1st day of July, 1934, did knowingly, willfully, unlawfully, wrongfully and feloniously commit the crime of embezzlement in the manner and form as follows, to wit: That the said E. M. Landrum in the county and state aforesaid, on or about the 1st day of July, 1934, was the duly elected, qualified and acting county treasurer of Craig county, state of Oklahoma, and as such county treasurer was charged and entrusted with the collection, receipt, safekeeping, transfer and disbursement of all public money belonging to said county of Craig, state of Oklahoma, and to divers persons, firms and corporations, their names being unknown, and of all other funds, property, bonds, securities, assets or effects of any kind received, controlled or held by him by virtue of his said office of county treasurer of Craig county, Okla., for safekeeping, transfer and disbursement, and acting, charged and entrusted as aforesaid, was entrusted and charged with and did in said county and state aforesaid, on or about the 1st day of July, 1934, receive, have and hold in his possession and under his control, by virtue of his said office and for the purpose aforesaid, certain public money and other funds, property, bonds, securities, assets and effects

by him received and collected as such county treasurer for taxes and other purposes and from various sources provided by law and which public money and other funds, property, bonds, securities, assets and effects were received and held by him for said county of Craig, state of Oklahoma, and municipal subdivisions of said county and divers persons, firms and corporations, their names being unknown, in large sums the exact amount being unknown; that the said E. M. Landrum, and the said Ralph J. Hutchman, on or about the 1st day of July, 1934, in the county of Craig and state of Oklahoma, and the said E. M. Landrum, then and there being and then and there acting as such county treasurer and then and there being so charged and entrusted with the control, disbursement, receipt, safekeeping and transfer of said public money, funds, property, securities, assets, bonds and effects aforesaid then being in his possession by virtue of his said office for safekeeping, transfer and disbursement, did then and there acting together, willfully, unlawfully, wrongfully and feloniously convert and appropriate to their own use and benefit and to a use and purpose not in the lawful execution of the aforesaid trust of him, the said E. M. Landrum, county treasurer of Craig county, Oklahoma, a part of said public money, funds, property, bonds, securities, assets and effects, received, controlled and held by him and entrusted to him, the said E. M. Landrum, county treasurer, by virtue of his said office, to wit: The sum of and to the amount of thirty five thousand eighty six and 55/100 dollars, and of the value of $35,086.55, good and lawful money of the United States of America, a more particular description is as follows, to wit:

"$1,048.67 City of Sapulpa Bds. of 1922, due 1942.

"$9,000.00 Muskogee Bd. and Ed. Bonds due serially, 5-20-42 to 44.

"$2,037.88 Tulsa Park Imp. Bonds.

"$9,000.00 City of Sapulpa Bds. of 1922, due 1942.

"$7,000.00 Tulsa County Road Bonds, due 1945.

"$7,000.00 Town of Big Heart (Barnsdall) W. W. Bonds, due 1944.

and other public money, funds, property, bonds, securities, assets and effects, a further description being unknown, and the value thereof being unknown, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The record shows that the trial of this case was commenced on the 25th day of February, 1935, at Vinita, Okla. The trial resulted in the jury returning the following verdict, omitting caption:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant guilty as charged in the information herein, but cannot agree as to his punishment and ask the court to fix the punishment. I. L. Proudlove, Foreman."

On the 7th day of May, 1935, the defendant filed a motion for a new trial, which motion was overruled and exception saved.

On the 18th day of May, 1935, the defendant filed his motion in arrest of judgment, wherein he alleges that the information is insufficient, and that the verdict is contrary to the law and the evidence, and did not give to the court jurisdiction to render judgment and pronounce sentence; which motion was overruled, exceptions saved, and a judgment was entered by the trial court in accordance with said verdict.

This case comes before this court upon twelve assignments of error by the defendant. No good purpose can be served by setting out these assignments in detail. Suffice it to say that they formulate the real issues in this case to be as follows:

1. Is the information duplicitous?

2. Does the information state a public offense?

3. Is the verdict in proper form to justify the sentence imposed?

The defendant was informed against under section 7761, O. S. 1931, which provides as follows:

"If any county treasurer, or other officer or person charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money, or any part thereof, belonging to the State or to any county, precinct, district, city, town or school district of the State, shall convert to his own use or to the use of any other person, body corporate or other association, in any way whatever, any of such public money, or any other funds, property, bonds, securities, assets or effects of any kind received, controlled or held by such officer or person by virtue of such office or public trust for safe-keeping, transfer or disbursement, or in any other way or manner, or for any other purpose; or shall use the same by way of investment in any kind of security, stocks, loan property, land or merchandise, or in any other manner or form whatever; or shall loan the same, with or without interest, to any person, firm or corporation, except when authorized by law; or if any person shall advise, aid, or in any manner knowingly participate in such act, such county treasurer, or other officer or person shall be deemed guilty of an embezzlement of so much of said money or other property, as aforesaid, as shall be converted, used, invested, loaned or paid out as aforesaid; and upon conviction thereof, such county treasurer or other officer or person shall be sentenced to imprisonment in the penitentiary at hard labor for a term of not less than three years nor more than twenty-one years, and also to pay a fine equal to double the amount in money or other property so embezzled as aforesaid; which fine shall operate as a judgment lien at law on all the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the person whose money or other funds or prop-

erty as aforesaid shall have been so embezzled; and in all cases such fines, so operating as a judgment, shall be released or entered as satisfied only by the person in interest, as aforesaid."

It is the holding of this court in State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, 1094, that this section of the statutes is not, and never was, a part of our Criminal Code proper. It is a special penal statutory provision, designed to reach public officers who held or diverted public funds and securities, or funds held by such officers, officially belonging to private individuals, or to firms or corporations, in violation of a public trust. R. O. Bunch, clerk of Grant county, Okla., was charged with embezzling funds of various ownership deposited with him by virtue of his office of public trust. This court held that it was not the misappropriation of any particular fund for which he was convicted, but the misappropriation of any fund in violation of his trust as a public officer. And that:

"It is not necessary in such a case to plead specifically a description of the individual items composing the aggregate. The manifest purpose of this statute was to make a blanket provision covering any or all such delinquencies, constituting but one offense. Otherwise there is no excuse for this statute. If each item constituted a separate offense, to be separately pleaded and proved, then the provisions of section 2671, R. L. 1910, a section of the general Penal Code, would have been sufficient."

Under the decision of this court as expressed in this case, the information is clearly good.

The information does state a public offense, in that it charges a misapplication of public funds which came into the hands of the defendant as county treasurer, and therefore the different ownership of different items charged

to have been misappropriated did not need to be specifically charged or proved, the essential point being whether these items of property which came into the hands of the defendant as county treasurer were by him applied to uses not authorized by law. This the evidence shows is just what the defendant E. M. Landrum had done.

In State v. Bunch, supra, this court held:

"Where a statute makes it an offense to do this, that, or the other of several things, disjunctively, the whole may be charged as one offense, conjunctively, and the defendant may be found guilty of any one."

In the body of the opinion, in Fulkerson v. State, 17 Okla. Cr. 103, 189 Pac. 1092, this court said:

"In view of the fact that the charge here is the embezzlement of public funds, great latitude must be permitted in the description of the money or funds alleged to be embezzled because the people exercise no close supervision over the acts of a public official and cannot, like private individuals, direct the custody of its funds at any particular moment."

Defendant contends that proof of fraudulent intent must be made before a conviction of embezzlement can be had. It was not necessary to prove a criminal intent, as under the statutes such intent was presumed when funds held in trust by a county treasurer by virtue of his office, were applied other than as permitted by law. And this court has so held in Cottrell v. State, 52 Okla. Cr. 375, 5 Pac. (2d) 178:

"Under section 9781, supra, the offense consists in the violation of the law, and not the intent or motive by which the public officer is actuated."

Complaint is made by defendant as to the amount of the fine assessed, and objection is made that the amount

of the fine would indicate that the embezzlement proved is one-half of the amount of the fine. But the record does not state how the court arrived at this figure.

Section 3107, Stat. Okla. 1931, provides that:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict."

It does not appear that the defendant requested that the jury fix the punishment, and therefore he may not now complain that it did not.

Section 3108, Stat. Okla. 1931, provides that "where the jury find a verdict and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

The evidence might have justified a greater fine, and the defendant will not be heard to complain that the fine assessed against him is less than double the amount of the embezzlement charged and apparently proved to the satisfaction of the court and jury. If error was committed by the trial court in this regard, it was in favor of the defendant, and he will not be heard to complain of it.

The evidence supports the verdict of the jury, and the errors of law complained of are not sufficient to require a reversal of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.