John D. SHANAHAN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12862.

Court of Criminal Appeals of Oklahoma.

July 20, 1960.

Thad Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

John D. Shanahan, hereinafter referred to as the defendant, was charged by information in the Common Pleas Court of Oklahoma County with the crime of the illegal transportation of intoxicating liquor. He was found guilty by a jury that was unable to agree upon the punishment and left the punishment to be assessed by the court. The court sentenced defendant to

serve ten days in the county jail and to pay a fine of $50 and costs.

The defendant appeals to this Court asserting three propositions of error upon which he relies for reversal or modification. That:

1. The trial court erred in refusing to disqualify as trial judge.

2. The court erred in refusing instruction requested by defendant.

3. The sentence is excessive and contrary to law.

■ Defendant's first contention of error requires a brief summary of the facts leading up to an oral request made by defense counsel for the trial judge to disqualify himself from hearing said cause. The defendant on the 12th day of September, 1959, was involved in a minor traffic accident. The police were called to the scene and during the course of their investigation found a bottle of liquor with the seal broken underneath the driver's seat in defendant's automobile. Charges were filed against the defendant under the new provision of our statute Title 37 O.S.A. § 537(7) which provides as follows:

"It shall be unlawful for any person to transport in any vehicle upon a public highway, street or alley any alcoholic beverage except in the original container which shall not have been opened and the seal upon which shall not have been broken and from which the original cap or cork shall not have been removed, unless the opened container be in the trunk or any closed compartment or other container out of public view and out of reach of the driver or any occupant of the vehicle. Any person violating this Section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than Two Hundred Dollars ($200.00) or by imprisonment for not more than six (6) months, or by both such fine and imprisonment * * *."

The case was set for hearing on November 9, 1959, and prior to impanelling a jury to try said cause, the following proceedings were had:

"Mr. Klutts: The attorney for defendant John D. Shanahan asked the Court's advice, or made inquiry for information, if, on a plea of guilty, would time in jail be required.

"The Court made the remark: Regardless of any recommendation, that if the defendant entered a plea of guilty, time would be assessed the defendant, and that if the jury found him guilty, he would require the defendant to serve time in the county jail; all of which pre-supposes in a prejudiced condition in the Judge's mind and a predisposed intent, regardless of the facts or circumstances, to sentence this defendant to jail if found guilty, regardless of the law or circumstances in the case.

"At this time the defendant John D. Shanahan moves that Dwain D. Box disqualify from hearing this lawsuit." CM 15–16.

The motion was overruled and defendant was allowed an exception.

The record shows that the defendant was duly arraigned on September 25, 1959, and entered a plea of not guilty, and on the same day was released upon posting an appearance bond. As heretofore stated, defendant's counsel waited until the case was called for trial on November 9, 1959, to raise the question as to the purported disqualification of Judge Box.

Moreover, after the trial judge had denied the verbal motion to disqualify, there is no record showing that defendant ever made application to this Court, or to any other court, for a writ of mandamus to compel the trial judge to disqualify.

The defendant now argues that the court committed reversible error in overruling defendant's oral request for the trial judge to disqualify. It is not necessary to discuss the merits of defendant's request as the procedure followed by defendant in his attempt to disqualify the trial judge was in

such non-compliance with the statute that he cannot on appeal be heard to complain.

The Court is thoroughly acquainted with the statute prescribing such procedure which in no manner was complied with in the instant case. Title 22 O.S.A. § 575 provides as follows:

> "Any party to any cause pending in a court of record may in term time or in vacation file a written application with the clerk of the court, setting forth the grounds or facts upon which the claim is made that the judge is disqualified, and request said judge so to certify, after reasonable notice to the other side, same to be presented to such judge, and upon his failure so to do within three days before said cause is set for trial, application may be made to the proper tribunal for mandamus requiring him so to do."

This same question is discussed at great length in a very able opinion by Judge Barefoot in the case of Young v. State, 74 Okl.Cr. 64, 123 P.2d 294, 295, where the court said:

> "Under the above statute a written application should be filed setting forth the grounds or facts upon which the claim is made that the judge is disqualified. A reasonable notice should be given to the other side of the hearing, and should the trial judge refuse to certify his disqualification within three days before said cause is set for trial, application may be made to this court in criminal cases for mandamus requiring him so to do."

In the case of Pruitt v. State, 62 Okl.Cr. 38, 70 P.2d 129, 131, the court interpreted the statute as follows:

> "From a reading of the above statute, it will be noted there was no attempt to comply with its terms. The statute requires the filing of a written application setting forth the facts upon which the claim is made * * *."

Also see Brown v. State, 6 Okl.Cr. 442, 119 P. 447.

In the instant case the defendant made no effort to comply with the statute. There was no written application filed and no notice was given. The request was oral and at no time was application made to this Court asking for a writ of mandamus.

The Supreme Court of this state clarified the matter adversely to defendant's contention in the case of Holloway v. Hall, 79 Okl. 163, 192 P. 219, 220, wherein they said:

> " * * * It has been consistently held by this court that, where parties seeking to disqualify a trial judge had knowledge of the grounds * * * for more than three days prior to the trial, and did not avail themselves of the procedure prescribed by section 5816, supra, they cannot urge the disqualification on appeal." (Numerous supporting cases are cited.)

An examination of the cases appealed to this Court involving the question will reveal that they have uniformly come on application for writ of mandamus. The application in the instant case was made on the date of trial, by dictating the request orally into the record, and at no time was application made to this Court asking for a writ of mandamus. Defendant failed to comply with the statute, Title 22 O.S.A. § 575 and failed to pursue his remedy of mandamus. This is not sufficient under our present law. It may have prevailed a half century ago but not now. This was aptly stated in the case of Pruitt v. State, supra, wherein the Court said:

> "Prior to the passage of the above statute, which was effective from June 10, 1909, the uncorroborated affidavit of the accused was all that was necessary to file, alleging the bias and prejudice of the presiding judge, and this within itself operated to disqualify him. The truth of the affidavit, or motive of the defendant in making it could not be denied. A change of judge was imperative with the filing of the affidavit. With the coming of statehood, the courts found this statute very much abused. Dockets would be set and the

affidavit would often be filed when the case was called for trial, and after witnesses had been subpoenaed and were in attendance on the court. It not only caused additional costs to the county and continuance of cases, but it often delayed, obstructed, and finally defeated justice."

The foregoing reasons substantially support the Court's conclusion that defendant's first contention of error is without merit.

■ The second proposition argued by defendant in his brief involves a denial of the trial judge to give a written and requested instruction. The record reflects that the defendant requested the following instruction:

"You are further instructed that the defendant herein has requested that in the event you find the defendant guilty that it is your mandatory duty to assess the punishment in the manner and in the amount herein fixed by the court in the other instruction."

The court refused to give the requested instruction but the instructions included what the trial court termed a modified version as follows:

"Should you find from the evidence, under the instruction, and beyond a reasonable doubt, that the defendant is guilty, it will be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein. However, should you be unable to agree on the punishment, so state in your verdict and leave it to be assessed by the court."

It may be conceded that defendant was entitled to the requested instruction. The question presented is whether the court's instruction sufficiently covered the matter as to adequately comply with defendant's request. Defendant's right to have such an instruction upon request arises from the language of the statute, Title 22 O.S.A. § 926:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and *shall upon the request*

*of the defendant assess and declare the punishment in their verdict within the limitation fixed by law,* and the court shall render a judgment according to such verdict, except as hereinafter provided."

The statute is crystal clear that in all criminal trials the defendant is entitled upon request to have the jury determine not only the guilt or innocence but also assess the punishment. Under our system of jurisprudence this is a sacred right conferred by our laws and constitutes a right of which a defendant may not be deprived in absence of waiver. Though defendant's rights in this respect have been substantially preserved by this Court in numerous decisions, it has been done with modification, and confusion as a result of Sec. 927 of Title 22, supra, which reads as follows:

"*Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict,* the court shall assess and declare the punishment and render judgment accordingly."

The confusion that has arisen in the application of these two sections is the result of the court's consolidating the two and formulating a stock instruction which is now uniformly given in substantially the following form:

"Should you find from the evidence, under the instruction, and beyond a reasonable doubt, that the defendant is guilty, it will then be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein. However, should you be unable to agree on the punishment, so state in your verdict, and leave it to be assessed by the court."

As a result of this customized stock instruction there is an evergrowing tendency for juries to leave the punishment to the court. A conspicuous increase in the percentage of such cases indicate that the stock instruction above stated has been construed as an invitation, by the jurors, for them to

leave the punishment to the court. It can be readily observed that such an invitation would be welcomed by the jury as the assessment of the punishment must undoubtedly be the jury's most grievous task and one with which their conscience is most likely to sleep. Such an invitation so generously extended provides, upon the slightest disagreement, an escape by which the jury can expediently dispose of the matter and renders worthless defendant's request that they shall assess the punishment.

A review of this court's decision upon this question leads your writer to the ultimate conclusion that it is now necessary that these statutes should now be construed and a uniform procedure established so the bar of the state and the courts may know what procedure to follow when the question arises.

The confused history of the application of these statutes, §§ 926–927, supra, and their frustrated interpretation is ably set forth in the case of Ladd v. State, 89 Okl. Cr. 294, 207 P.2d 350, 352:

"In a number of the earlier decisions of this court it was held that under the above statutes it was the duty of the court to instruct the jury to assess the punishment when so requested by the defendant, and the failure of the court to so instruct the jury was reversible error. Craig v. State, 31 Okl.Cr. 19, 236 P. 909; Dew v. State, 8 Okl.Cr. 55, 126 P. 592; McSpadden v. State, 8 Okl.Cr. 489, 129 P. 72; Oelke v. State, 10 Okl.Cr. 49, 133 P. 1140. See also Wakefield v. State, 65 Okl.Cr. 31, 89 P.2d 330.

"In other cases it has been held that when requested by the defendant, it is the duty of the court to instruct the jury to assess the punishment, but further instruct them that in case of their failure to assess the punishment, to return their verdict into court accordingly and the court will fix the punishment. Crouch v. State, 23 Okl.Cr. 325, 214 P. 747; Dunn v. State, 60 Okl.

Cr. 201, 63 P.2d 772; Snider v. State, 71 Okl.Cr. 98, 108 P.2d 552.

"It has been held that it was necessary for the jury to state in their verdict that they were unable to agree upon the punishment, and then the court is permitted to fix the same under the statute. Oelke v. State, supra.

"A number of cases have held that it was not necessary to give an instruction directing the jury to assess the punishment unless requested so to do by defendant. Tudor v. State, 14 Okl. Cr. 67, 167 P. 341; Landrum v. State, 60 Okl.Cr. 259, 63 P.2d 994.

"Other cases have held that where requested instruction to assess the punishment was refused, the court could modify the judgment and sentence, and this would be a compliance with the statute. Downs v. State, 23 Okl.Cr. 404, 215 P. 217; Simpson v. State, 51 Okl.Cr. 362, 1 P.2d 823.

"In other cases the court has held that when the jury returns a verdict of guilty, but fails to assess the punishment to be inflicted, it is the duty of the court to assess and decree the punishment. Bland v. State, 18 Okl.Cr. 514, 196 P. 732; Blair v. State, 4 Okl.Cr. 359, 111 P. 1003; Fain v. State, 14 Okl. Cr. 556, 174 P. 296; Newton v. State, 14 Okl.Cr. 226, 170 P. 270."

■ It is now the opinion of this Court that the word "shall" as used in Sec. 926, Title 22, supra, is to be construed as mandatory to the extent that the jury should make a diligent, sincere, and strenuous effort to arrive at a verdict as to the punishment as well as the guilt or innocence without distraction or invitation to do otherwise. In such cases where defendant requests the jury to assess and declare the punishment there is but one instruction required as to the punishment and that should be in substance as follows:

"Should you find from the evidence, under the instructions and beyond a reasonable doubt, that the defendant is guilty, it shall be your duty to as-

sess the punishment therefore, in your verdict (within provisions of the law set out in the instruction.)"

To go further and extend the invitation to leave the punishment to the court if they fail to agree would not be in compliance with defendant's request and would be considered detrimental to the statutory and constitutional rights of the defendant.

■ Sec. 927 of Title 22, supra, would not be applicable and would not apply until after the jury had retired to deliberate and reached a verdict of guilty. Then, and in that event, after diligent and sincere efforts, they are unable to agree upon the punishment and so report to the trial judge, then Sec. 927, Title 22, supra, becomes applicable and the court shall require the jury to deliberate further after giving the additional instruction that if they then fail to agree they may so state in their verdict and leave the punishment to be assessed by the court. This procedure was approved by this court in the case of Snider v. State, 71 Okl.Cr. 98, 108 P.2d 552, and we hereby adopt said procedure as that to be followed by the trial courts in all cases where defendant makes his request as provided for in Sec. 926, Title 22, supra.

The case at bar illustrates the necessity for such holding. The trial judge before trial advised defense counsel upon inquiry that if defendant plead guilty or was found guilty, regardless of any recommendation, he would sentence the defendant to be confined in the county jail. Such statement prejudges defendant's fate before the evidence is heard. The punishment could have been a fine or jail sentence or both, or if defendant had a previous good record he was entitled to have an application for suspended sentence considered. To maintain hope defendant had no alternative but to ask for his constitutional and statutory rights and have his fate determined by a jury of his peers. The defendant was entitled to a jury trial not only as to his guilt but as to the punishment as well. Though the verdict of guilty is shocking to a de-

fendant, the punishment is painful and to him is of equal or greater importance. This was especially true in view of the trial judge's proclamation as to his pre-conceived opinion of punishment to be rendered. The defendant in such a predicament has no alternative but try his cause before a jury and request they set the punishment. The jury's acceptance of the court's invitation to leave the punishment to him placed defendant back in the position which he had sought to avoid. In discussing this type situation Judge Brett ably stated the following in the case of Mougell v. State, 97 Okl.Cr. 180, 184, 260 P.2d 447, 451:

"The right to trial by jury whatever reason for it cannot be arbitrarily taken away by the judge. It can only be dispensed with by the voluntary consent or waiver of the accused and the state. If such were not the case, how then could an accused invoke the foregoing provisions of Title 22, § 926, O. S.1951, where he may be compelled to submit to trial before a hostile judge on a plea of guilty, whose disqualification he may not be able to effect. We can conceive of situations where the right of trial by jury under the conditions sought to be invoked by an admittedly guilty defendant would be the only avenue of escape from the hostility, bias and prejudice of the judge, on the matter of punishment. Of course no such hostility is involved in the case at bar but appellate judges who lay down the precedents controlling the flow of justice, are expected to look beyond their judicial noses as to future contingencies in the law. But even under the statutes if the jury cannot agree on the amount of punishment the accused could be compelled to submit to an injustice in some instances at the hands of a hostile judge which of course could be relieved against by appeal, but a defendant should not be put to costs of an unnecessary appeal, when to invoke his statutory and constitutional rights could avoid it * *."

For the foregoing reasons discussed herein, the case is reversed and remanded for a new trial to be tried in compliance with this decision.

POWELL, P. J., and BRETT, J., concur.