**Mickey Clovis GOSSETT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A—13343.**

Court of Criminal Appeals of Oklahoma.

May 8, 1963.

Valdhe F. Pitman and Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Mickey Clovis Gossett, hereinafter referred to as the defendant was charged by Information in the District Court of Oklahoma County with Illegal Possession of Marijuana. He was found guilty and his punishment assessed by the trial court at Two Years in the Oklahoma State Penitentiary.

The defendant appealed his case in the time prescribed by law, asserting three contentions of error—only one is worthy of discussion herein.

Defendant contends that the trial court failed to follow the previous ruling of this Court as laid down in Shanahan v. State, Okl.Cr., 354 P.2d 780. This contention of error arose out of the following proceeding which took place after the jury had received the trial court's instructions and retired to deliberate. Thereafter, they returned into open court, and:

"THE COURT: Let the record show the jury is present in the jury box in open court, the defendant present in his own proper person and by his counsel, the State present by the Assistant County Attorneys, and the following further proceedings were had, to-wit:

"THE COURT: Mr. Foreman, have you reached a verdict?

"THE FOREMAN: No, sir, we have not. We would like an instruction as to how we arrive at a verdict of guilty, do we have to give a definite number of years or can we give an indefinite number such as five or thirty days or a hundred and twenty days?

"THE COURT: Well, Mr. Foreman, those instructions contain all of that information. Those instructions contain the law, all of those instructions should be taken together as a whole. Now if I understand your question, I am not at liberty to enlarge upon my answer to it.

"THE FOREMAN: In other words, we don't know whether we should fix a definite term or an indefinite term.

"THE COURT: All right, sir, have you agreed on your verdict?

"THE FOREMAN: Yes, we have.

"THE COURT: You have?

"THE FOREMAN: Yes, sir, we have.

"THE COURT: What is it?

"THE FOREMAN: The defendant is guilty.

"THE COURT: All right, sir, then please return to your jury room and fix the punishment as instructed by the Court. Wait a minute, Mr. Bailiff take charge of the jury.

"(Judge retired to his chambers.)

"(Court returns to the courtroom.)

"THE COURT: Do you wish to go back to the jury room and deliberate the question of whether or not the defendant is guilty or not, from the instructions and from the evidence?

"THE FOREMAN: Whether he is guilty or not.

"THE COURT: Yes, sir.

"THE FOREMAN: No, sir.

"THE COURT: Have you arrived at a verdict on that?

"THE FOREMAN: Yes, sir.

"THE COURT: And what is your verdict?

"THE FOREMAN: That verdict is guilty, sir.

"THE COURT: Hand me the instructions, please.

"THE FOREMAN: Yes, sir. (Handing same to Bailiff and the Bailiff in turn handed them to the Court.)

"THE COURT: All right, I'm going to give you one additional instruction.

"MR. BAUCUM: Your Honor, we want an exception.

"THE COURT: Yes, you may have it.

"(Thereupon, an additional instruction was read to the jury by the court.)

"No. 10

"Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty, it. will then be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein. However, should you be unable to agree on the punishment, so state in your verdict, and leave it to be assessed by the Court.

"October 18—1962—Given.

"This instruction be considered as a part of all the other instructions in the case.

"/s/ Clarence Mills, Judge."

Defendant had requested and the court gave, in the original instructions, the following:

"You are instructed, that if you find from the evidence beyond a reasonable doubt, that the defendant is guilty as charged in the Information, it will then be your duty to assess the punishment therefor, in your verdict, within the provisions of the law as set out in these instructions."

Defendant argues that the procedure followed by the trial judge is not in compliance with the rule laid down in the Shanahan case, supra, and for that reason, he is entitled to a new trial.

Involved in the Shanahan case was an interpretation of the following Statute 22 O.S.1961 § 926: Punishment, jury may assess, when:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

And, Title 22 O.S.1961 § 927: Punishment, court to assess, when:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

 In construing the application of § 927, supra, the Court said in the Shanahan case, supra:

"Sec. 927 of Title 22, supra, would not be applicable and would not apply until after the jury had retired to deliberate and reached a verdict of guilty. *Then, and in that event, after diligent and sincere efforts, they are unable to agree upon the punishment and so report to the trial judge,* then Sec. 927, Title 22, supra, becomes applicable and the court shall require the jury to deliberate further after giving the additional instruction that if they then fail to agree they may so state in their verdict and leave the punishment to be assessed by the court. This procedure was approved by this court in the case of Snider v. State, 71 Okl.Cr. 98, 108 P.2d 552, and we hereby adopt said pro-

cedure as that to be followed by the trial courts in all cases where defendant makes his request as provided for in Sec. 926, Title 22, supra."

 It is obvious that the rule was not followed in the instant case, and at no time did the jury report to the trial judge that they were unable to arrive at a verdict as to the punishment but their inquiry was whether they could fix an indefinite sentence or definite sentence such as five or thirty days or an hundred and twenty. They never at any time said they could not agree on the punishment if given an opportunity.

They had reached a verdict of guilty, but reported into open court to inquire as to the procedure in assessing the punishment. The trial judge should have sent them back to deliberate further on the punishment and after they had made diligent effort and failed to arrive at a verdict as to the punishment and reported the same to the trial judge, then and in that event, the additional instruction would have been proper.

The rule adopted in the Shanahan case, supra, is a new procedure, and no doubt questions will arise that will require clarification, and we do not mean to reflect upon the learned trial judge, but the rule was not followed within the Court's meaning; and requires reversal so it can be followed hereafter in accord with this opinion.

The judgment and sentence of the trial court is hereby set aside, and the cause is reversed and remanded for a new trial.

BUSSEY, P. J., and JOHNSON, J., concur.