**John WHITE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–515.**

Court of Criminal Appeals of Oklahoma.

March 17, 1978.

J. W. Doolin, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Robert Johnston, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, John White, hereinafter referred to as defendant, was tried before a jury and convicted of the crime of Assault With Intent to Commit Rape, in violation of 21 O.S.1971, § 681, in the District Court, Comanche County. Punishment was set by the court at two and one-half (2½) years in the custody of the State Department of Corrections. From said judgment and sentence defendant has perfected a timely appeal to this Court.

The State's first witness was Donna K. Guffy, victim of the assault, who testified that on September 9, 1976, at approximately 6:30 a. m., she heard a knock on her mobile home door. When she asked who was there, the response was, "It's John." The person, later identified as the defendant, was not known to Mrs. Guffy, but was a neighbor. Defendant told her he needed to use her telephone. Mrs. Guffy opened the door and showed him to the telephone, whereupon he made a long distance collect call. After completing the phone call, the defendant started to leave, but stopped and asked to stay. The witness refused, and defendant forced her to the couch and suggested that they have sexual relations. He thereupon jumped upon her and began fondling the victim's private parts, while the victim screamed and struggled to get away. The victim managed to roll over onto the floor, but the defendant then choked and slapped her. At this point, one of the victim's children in the next room began to show signs of awakening, and the defendant threatened to harm the child if Mrs. Guffy did not submit. Nonetheless, the victim continued to resist and the defendant subsequently left. The victim then called her husband at work, who came home immediately and called the police.

Following Mrs. Guffy's testimony, the State rested its case, and defendant's demurrer to the evidence was overruled.

The defendant testified in his own behalf that he did come to the trailer home of Mrs. Guffy to use the telephone the morning of the crime. He denied assaulting the victim and claimed that she had initiated the sexual activity. Upon hearing a noise from the bedroom, the victim broke off the activity and made him leave.

The defendant then called three of his service buddies as character witnesses, who testified that the defendant was a good soldier.

The defendant's mother testified that she had spoken with the defendant over the telephone the night before the incident, but that she knew nothing of the assault. The defendant then rested his case.

In rebuttal, the State offered the testimony of William Guffy, the victim's husband. He testified that when his wife summoned him from work he observed that she was crying and shaking, that her face and throat were red, and that her throat looked like it had two fingerprints on the right side. He testified that since that experience his wife had been very nervous. The next day he observed several bruises on his wife's face and body. Following this testimony, the State rested its case, and the cause was submitted to the jury for its determination.

Defendant's first assignment of error involves the manner in which the jury pronounced its verdict. The defendant was found guilty, but the jury chose to have the trial court pronounce his sentence. The jury was given instructions by the court to assess a judgment with a verdict of guilty, as required by 22 O.S.1971, § 926. The court, when handed the verdict, took notice that the verdict arrived at by the jury was lacking the punishment. The jury foreman then requested the court to set punishment.

After polling the jury on this request, the court asked both parties if that was acceptable, whereupon both parties agreed.

It appears from the facts and circumstances that the jury was unable to agree on punishment, in which case 22 O.S.1971, § 927, compels the trial court to assess punishment on the jury's verdict.

▪ Defendant argues that his waiver of the jury determination of punishment was ineffective according to the requirement in *Shanahan v. State,* Okl.Cr., 354 P.2d 780 (1960), that the trial court require the jury to deliberate further if they are unable to agree on punishment. That rule was distinguished in *Frazier v. State,* Okl. Cr., 550 P.2d 952 (1976), as being applicable only in cases where a request is made by the defendant that the jury assess punishment. When such request is made, it is error not to follow the rule as enunciated in *Shanahan.* In *Frazier v. State,* supra, as in the instant case, no such request was made and the trial court's action of accepting the verdict without the jury assessing punish-

ment, coupled with defendant's waiver, was not error.

▪ Defendant asserts in his second assignment of error that the sentence of two and one-half years' imprisonment was excessive, and brought about by passion and prejudice of the court. The sentence imposed is well within that provided for the offense committed in accordance with the applicable statute. Title 21 O.S.1971, § 681. A thorough examination of the record reveals no passion or prejudice on the part of the trial judge in assessing punishment.

For the above reasons we find no error in the judgment or sentence, and therefore *AFFIRM* the judgment and sentence appealed from.

BUSSEY, P. J., and CORNISH, J., concur.