Harold Wayne CHOATE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14952.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Raymond Burger, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Harold Wayne Choate, hereinafter referred to as defendant, was charged, tried before a jury, and convicted of the crime of child abandonment in the District Court of Oklahoma County, Case No. 33,158. Judgment and sentence was imposed in accord with the jury verdict on April 3, 1968, sentencing defendant to a term of two years imprisonment. Motion for new trial was overruled, the defendant allowed to remain free on $2000.00 bond, and this appeal perfected.

Although several assignments of error were listed in the petition in error, defendant in his brief states "only one will be treated with any degree of detail and substantiated by authorities." The defendant does claim that the "jury most probably could have been influenced by some of the actions of State's attorney." The remarks cited by defendant, however, are not improper in view of the full record and do not approach the level of prejudicial error.

The single issue fully raised is defendant's contention that the trial "court committed reversible error in directing the bailiff to address the jury during their deliberation outside of the hearing of defendant and his counsel and outside of the courtroom." In support, defendant relies upon Grable v. State, 60 Okl.Cr. 339, 44 P. 2d 152 (1935), where the bailiff entered the jury room, had a conversation with the jury and offered a prayer, all in the absence of the trial judges order or presence of defendant or counsel. Because of these circumstances, this Court, under the provisions of Section 3081, O.S.1931, now 22 O. S.1961, § 857, reversed for a new trial as such conduct "would tend to destroy the sacredness and privacy of a jury in its deliberations." The defendant argues that reversal is required "where a person entered the jury room for the purpose of saying anything other than 'have you reached a verdict'."

Title 22, O.S.1961, § 857, provides:

"After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

Title 22, O.S.1961, § 894, provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

Regarding the alleged error in the instant case, the record indicates the following transpired after the jury had retired to consider their verdict:

"And thereafter, the following proceedings were had in open court and out of the presence of the jury with all parties including the defendant and his attorney present:

BY THE BAILIFF: Your Honor, the jury desires to ask a question.

BY THE COURT: Tell the foreman to state his question in writing.

And thereafter, the following statement was presented by the bailiff to the Judge and read aloud by him in open court.

BY THE COURT: 'In reference to the amount of time set in the sentence, could we set a time with this sentence to be suspended if all back payments are paid and suspended for as long as he makes all subsequent payments, perhaps probation would be the term rather than a suspended sentence.'

BY THE COURT TO THE BAILIFF: Tell the foreman that he has all instructions needed in this case.

Thereafter, the Bailiff left the courtroom."

There is no indication whatsover that defendant or his counsel objected to the trial judge's directive to the bailiff and it is quite clear both defendant and counsel were present in open court when this event occurred. These factors distinguish this case from Grable v. State, supra. In the face of claims of misconduct in communications with a jury, this Court has taken the position that absent defense objections to the trial judge's oral explanations to the jury, the irregularity is waived. Methvin v. State, 60 Okl.Cr. 1, 60 P.2d 1062 (1936); Townsend v. State, 37 Okl.Cr. 76, 256 P. 942 (1927).

It is elementary that if defendant believed this event was incorrect, improper, or prejudicial he should have entered an objection and thereby allowed the trial judge the opportunity to alter the action defendant now claims was improper. Defendant had ample opportunity to indicate his disfavor and failed to do so at the proper time. Defendant cannot be allowed to "lay behind a log."

Furthermore, we reject the suggestion that the only words a bailiff can utter to a jury are "have you reached a verdict." Section 894 clearly contemplates otherwise as does common sense. In Lowrey v. State, 87 Okl.Cr. 313, 197 P.2d 637 (1948), concerning a bailiff's communication to the jury, this Court held that "only such communications as are established as prejudicial to the defendant, are grounds for reversal." 87 Okl.Cr. at 342, 197 P.2d at 652.

The record here is void of any indication of prejudice to the defendant by the bailiff's informing the jury of the judge's reply, or for that matter that the bailiff told the jury anything. The defendant simply has failed to preserve his record which might allow inquiry into the question of prejudice. Both in Grable and Lowrey the record indicated what occurred in the jury room. Such an indication is absent in the present case.

In Young v. State, Okl.Cr., 357 P.2d 562 (1960) this Court found no error where the trial judge, over defendant's objections, orally told the jury that he could not add to or detract from the written instructions already given. This Court held:

"If oral explanations by the court are made which do not materially alter the written instructions, and which have no tendency to confuse the jury, the verdict should not be disturbed." 357 P.2d at 564.

We therefore conclude that the trial judge's directing the bailiff in open court with all present and before defendant and his counsel, without objection, to tell the jury foreman they had all the instructions needed was not error.

The judgment and sentence is hereby affirmed.

BUSSEY, J., and BRETT, P. J., concur.