**Billy J. CHERRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–126.**

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1974.

Cocke, Sullivan & Butler, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Billy J. Cherry, hereinafter referred to as defendant and his codefendant, William H. Hinds, were conjointly charged, tried, and convicted by a jury of the crime of Murder in the District Court of Comanche County, Oklahoma, case number CRF–72–511. The defendant's punishment was assessed at life imprisonment, and from said judgment and sentence the defendant has perfected his timely appeal.

The facts and testimony adduced at trial have been set out in great particularity in Hinds v. State, Okl.Cr., 514 P.2d 947, 1973. Therefore, they will not be again recited herein.

■ The defendant's first proposition in error urges that the trial court committed reversible error in allowing the State to endorse Wayne Dumond, a former defendant in said cause, as a witness. In support of said proposition the defendant argues that the trial court allowed the endorsement of Dumond on the 7th day of December, 1972, when the trial was set for December 11, 1972, and that the endorsement and subsequent testimony of Dumond came as a complete surprise to the defendant, and was, therefore, highly prejudicial. With this contention we do not agree.

The record reflects that Dumond gave a written statement to the Lawton police shortly after the incident and that the defendant was apprised of same. The record further reflects that Dumond's testimony was essentially the same at trial and contained nothing significantly different or surprising; that the defendant was notified of the endorsement at least four days before trial; and that the defendant further failed to file a motion seeking a continuance, although the defendant did request a continuance by oral motion immediately before trial which was appropriately denied by the trial court.

This Court on numerous occasions has held that the endorsement of additional witnesses is within the sound discretion of the trial court and unless there is a clear showing of an abuse of discretion the trial court's action will not be interfered with on appeal. Jones v. State, Okl.Cr., 410 P. 2d 559. In the instant case the defendant had a reasonable time to prepare to rebut the testimony of Witness Dumond. The record as a whole reflects that there was no surprise since any difference between the testimony of the witness at trial and his written statement was favorable to the defendant. No prejudice whatsoever is shown. Therefore, defendant's first assignment is without merit.

■ The defendant next contends that the trial court committed reversible error in failing to grant the defendant a severance so that he and Codefendant Hinds could be tried separately. This issue was raised in Hinds, supra, and discussed therein at length. Suffice it to say that the trial court did not abuse its discretion in denying the severance. See Curcie v. State, Okl.Cr., 496 P.2d 387; United States v. Bornstein, 7 Cir., 447 F.2d 742; and Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101. Therefore, the defendant's second proposition in error is without merit.

■ The defendant's next assignment of error is that the trial court committed reversible error in refusing to allow the defendant to reopen and call as a witness Major Gillian of the Lawton Police Department and in further refusing to allow defense counsel to comment in closing argument upon certain testimony of the defendant on cross-examination concerning his desire to take a lie detector test or a truth serum.

The record reflects that the defendant took the stand to testify on his own behalf and that on cross-examination and in response to the following question:

"Q. Did you make a statement to a police officer that night?

"A. I talked with a couple of police officers that night, yes, sir.

"Q. You recall what you talked to them about?"

the defendant gave the following answer:

"A. * * * and I said, 'let's just forget it, because I am not going to say nothing to you, because the first thing I want is a lie detector test and a truth serum,' which I requested from the police department, and the sheriff's department."

The defendant subsequently rested and the State put on no rebuttal evidence. Thereupon, the defendant asked leave of court to reopen the case and call Major Gillian to evidently confirm that the defendant made the statement above referred to concerning his desire to take a lie detector test or a truth serum. The defendant argues that the trial court erred in not allowing him to reopen and call Major Gillian to support the defendant's position that he did request a lie detector test or a truth serum.

The record further reflects that Gillian was present throughout the trial and that the defendant had every opportunity to call him as a defense witness. As a matter of trial tactics, the defendant anticipated that the State would call Gillian as a rebuttal witness. The anticipated event did not occur and the trial court refused to allow the defendant to reopen the case. We see no abuse of discretion in the decision made by the trial court. It was not necessary to bolster the defendant's statement concerning his request for a lie detector test since his statement was uncontradicted.

■ The defendant next argues that he should have been allowed to comment on his desire to take a lie detector test during closing argument. However, under Oklahoma law the results of lie detector or truth serum tests are not admissible. The desire of the defendant to take such a test was made known to the jury only as a result of a long rambling answer to a question as set out above. It is the opinion of this Court that the trial court's refusal to allow comment concerning same did not amount to an abuse of discretion. The refusal did not prejudice the defendant nor were any substantial rights impaired. The error, if any, is harmless and does not justify reversal or modification. Therefore, the defendant's third proposition in error is without merit.

■ The defendant's next assignment of error contends that the trial court committed reversible error by admitting into evidence two wrench handles and a hammer alleged to have been used in the beating of the deceased as the State failed to establish a sufficient chain of possession, and that further error was committed in allowing the officer that found the weapons to testify that they were covered with blood.

The lengthy record reflects that Officer Salmon of the Lawton police testified that when he entered the Cherry home the kitchen was covered with blood, that he began looking for weapons, and that he subsequently found a hammer and two wrench handles which were covered with blood. Although the officer did not put his mark on each, he did testify that they were the same items and that they were still covered with blood just as he found them. He further established that the only time the items left his possession were when the property officer put them in the vault and when he took the weapons to Oklahoma City for chemical analysis.

In the recent case of Trantham v. State, Okl.Cr., 508 P.2d 1104, this Court held that it is unnecessary for every recipient of evidence to testify as to his possession in order to establish a sufficient chain of evidence to sustain the foundation for admissibility, citing Wagner v. Osborn, 225 Cal. App.2d 36, 37 Cal.Rptr. 27. In the instant case the officer's testimony that he was in possession of the items with the exception of their storage in the evidence vault and during analysis was sufficient to render the evidence admissible. It was then up to the jury to determine what weight would be given the evidence.

Concerning the blood stains, it is a well established rule of law that an ordinary witness may testify that certain marks, spots or discolorations observed by him were, in his opinion, blood stains. 23 C.J.S. Criminal Law § 876c, p. 472.

It is, therefore, the opinion of this Court that the trial court committed no error in admitting into evidence the weapons referred to above and permitting the officer to testify concerning his opinion that they were still covered with blood just as he found them.

The defendant's last proposition in error urges that the trial court committed reversible error in overruling the defendant's motion for new trial based upon the ground of newly discovered evidence. With this contention we cannot agree. The transcript of the evidence taken at the hearing on said motion reflects that Jackie Duboise testified that his testimony at trial was true. He then testified that it was his belief that the Defendant Cherry was not guilty of murder. A motion for new trial upon the ground of newly discovered evidence is not sufficient where it tends only to discredit or impeach a State's witness. The granting of a new trial on said ground is largely a matter within the trial court's discretion and it is not to be exercised except where there is reasonable probability that if such evidence had been introduced the results would have been different. Ward v. State, Okl.Cr., 444 P.2d 255. In the instant case the record of the hearing on said motion reflects no new evidence. Therefore, the trial court was thoroughly justified in overruling said motion and defendant's last proposition in error is wholly without merit.

For all the reasons set out above and from consideration of the record as a whole, we do not find that the defendant has been deprived of a substantial right but that the issues were fairly presented to the jury and that the defendant received a fair and impartial trial. The judgment and sentence appealed from is accordingly affirmed.

BRETT and BUSSEY, JJ., concur.