Jerry **CARROLL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–80–21.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1980.

James R. Winchester, Hinton, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., Richard Parrish, Legal Intern, for appellee.

MEMORANDUM OPINION

CORNISH, Presiding Judge:

In a case of first impression, we are asked to pass on the constitutionality of a 1978 statute which prescribes criminal sanctions for assault and battery upon designated persons at athletic contests:

Laws 1978, c. 204, § 1, now, 21 O.S.Supp. 1979, § 650.1 provides:

> Every person who, without justifiable or excusable cause and with intent to do bodily harm, commits any assault, battery, assault and battery upon the person of a referee, umpire, timekeeper, coach, player, participant, official, sports reporter or any person having authority in connection with any amateur or professional athletic contest is punishable by imprisonment in the county jail not exceeding six (6) months or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

The appellant was the assistant coach for the losing team at a baseball tournament. The victim was the home plate umpire during the game. The incident took place in the parking lot after the game when the victim was at the open trunk of his car changing uniforms in preparation for the next game. Surrounding the victim was a group of players from the losing team, who were criticizing his calls as an umpire. The appellant approached the group, exchanged words with the victim, and struck him on the jaw with his fist.

The statute in question is first challenged as being unconstitutionally vague and indefinite. This Court has held that statutes should be interpreted to produce reasonable results and should promote, instead of defeat, the purpose and the policy of the law. *Phelps v. State*, Okl.Cr., 598 P.2d 254 (1979). We have also held that statutes are presumed to be valid and constitutional and that the party attacking the statute has the burden of proof. *Williamson v. State*, Okl. Cr., 463 P.2d 1004 (1969).

In this case, the prohibited conduct is clear: "any assault, battery, assault and

battery upon the person of a referee, umpire, timekeeper, coach, player, participant, official, sports reporter or any person having authority in connection with any amateur or professional athletic contest . . ." 21 O.S.Supp.1979, § 650.1, supra. This language specifically indicates which persons are covered and also apprises the public of what particular conduct is deemed punishable. For these reasons, we find the statute is not unconstitutionally vague and indefinite nor void for uncertainty.

The trial court's failure to sustain the appellant's demurrer to the State's evidence is the next alleged error. This proposition is not supported by relevant citation of authority, and is, therefore, not properly before this Court. We will not search for authority to support mere assertions of error. *Tabor v. State*, Okl.Cr., 582 P.2d 1323 (1978).

The appellant's final claim is that the trial court erred in excluding evidence of a letter from the District Attorney's office stating that the appellant would not be prosecuted for this charge. We have repeatedly held that the issue of relevance is discretionary with the trial court; without a showing of abuse of that discretion, the verdict will not be disturbed on appeal. *Noah v. State*, 562 P.2d 950 (1977); *Jennings v. State*, Okl.Cr., 506 P.2d 931 (1973). The trial court ruled that this evidence was not relevant, and because the appellant has failed to show an abuse of discretion by the trial court, this allegation is without merit.

The judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.