**Charles SHEPPARD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-81-584.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1983.

OPINION

BRETT, Judge:

Charles Sheppard, appellant, was convicted of Second Degree Rape in Pottawatomie County District Court, Case No. CRF–79–329. A sentence of two years imprisonment was imposed.

Appellant was employed as a jailer at the Pottawatomie County Jail when he engaged in sexual intercourse with L.W., a fifteen year old runaway being held in the jail. L.W. testified at trial that appellant agreed to allow her to make a phone call, but informed her it would "cost her". The payment was in the form of sexual intercourse. An inmate of the jail, Ralph Cudjoe, served as a look-out while appellant was in L.W.'s cell, and testified at trial that he observed the two of them engaging in intercourse. After appellant left L.W.'s cell, Cudjoe also engaged in intercourse with L.W. Cudjoe entered a plea of guilty to rape prior to appellant's trial and received a five year sentence.

Throughout the trial, questions were asked various witnesses who responded by referring to polygraph examinations they had prepared to take or had actually taken. The established rule of law is that results of polygraph examinations are not admissible into evidence. *Cherry v. State,* 518 P.2d 324 (Okl.Cr.1974). Appellant contends that this rule was violated by the testimony given at trial. The transcript reveals, however, that results of the examinations were never mentioned and the answers complained of were elicited by defense counsel in all instances but one. No objection was entered by appellant when the district attorney asked a question which elicited a response concerning a polygraph examination. See, *Gaines v. State,* 568 P.2d 1290 (Okl.Cr.1977). Obviously aware of the rule forbidding results of polygraph examinations being entered into evidence, the trial judge admonished the jury to disregard all evidence given regarding polygraph examinations. If error occurred at trial, defense counsel invited it, and the trial judge

Randy Parsons, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Dena L. Bates, Asst. Atty. Gen., Oklahoma City, for appellee.

**606**

cured it through his admonition. See, *Coats v. State,* 589 P.2d 689 (Okl.Cr.1978).

Appellant also asserts that he was deprived of effective assistance of counsel due to an alleged conflict of interest on the part of his attorney, who prior to the time of trial represented both Cudjoe, the prosecution witness, and himself. When Cudjoe decided to plead guilty to the rape, defense counsel withdrew his representation and at the time of trial was representing only appellant. Appellant did not object at trial to the alleged conflict of interest.

 In *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held that in order to demonstrate a violation of his sixth amendment rights when an objection has not been entered at trial, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. Appellant has provided this Court absolutely no support on which to base a finding that an actual conflict of interest adversely affected his lawyer's performance. To the contrary, the trial record indicates that defense counsel adequately represented appellant at all phases of the trial and performed a complete and vigorous cross-examination of Cudjoe when he testified. Accordingly, we find no merit to this assignment of error.

■ The trial court instructed the jury that it was their duty to determine whether Ralph Cudjoe was an accomplice, and if they determined he was, it was necessary that his testimony be corroborated. Appellant contends that the trial court erred in failing to instruct that as a matter of law Cudjoe was an accomplice. See, *Howard v. State,* 561 P.2d 125 (Okl.Cr.1977).

After reviewing all the evidence at trial, we find that the issue is inconsequential at this point as Cudjoe's testimony was thoroughly corroborated. The prosecutrix' identification of appellant as one of the men who had sexual intercourse with her was sufficient corroboration even without the testimony of Floy Edwards that he overheard appellant and Cudjoe discuss using intercourse as a price for using the telephone. In light of the corroborative testimony present at trial, any error which occurred when the trial court instructed the jury was harmless.

■ Finally, appellant alleges that the trial court erred in failing to conduct a presentence investigation as required by 22 O.S.Supp.1978, § 982. That statute is mandatory subject to four exceptions, none of which are applicable to appellant's particular situation. See, *Smith v. State,* 594 P.2d 784 (Okl.Cr.1979). Since the trial court neglected to comply with Section 982, error was committed and the district court is instructed to resentence appellant in accordance with the foregoing.

The judgment is AFFIRMED and the sentence is REMANDED to the district court for resentencing.

BUSSEY, P.J., and CORNISH, J., concur.