Gary Lee HOWARD, Appellant,

v.

The CITY OF TULSA, Appellee.

No. M–83–783.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1986.

As Corrected Mar. 6, 1986.

Wendell W. Clark, Clark & Williams, Tulsa, for appellant.

Neal E. McNeill, Tulsa City Atty., Stanley L. Carver, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Gary Lee Howard, was convicted in the Municipal Court of the City of Tulsa, Case No. 3689446, of Disturbing the Peace, fined one hundred dollars ($100), and he appeals.

Over the weekend of July 9 and 10, 1983, the appellant, pastor of the New Life Pentecostal Church, conducted several outdoor revivals in Tulsa. The purpose of the

revivals was to attract new members to the church, and the services included the singing of hymns by members of the congregation, who were accompanied by an electrically amplified, five-piece band. On the evening of July 9th, the City of Tulsa Police received several complaints as to the high volume of the music. One of the complainants was Ms. Shirley Kirk, who stated that she could hear the music clearly in her apartment, which was located some four to five blocks from the revival. Two police officers discussed the situation with the appellant, who agreed to turn down the sound system.

During the services held on the following evening, Ms. Kirk again complained that the music was disturbing her while she was inside of her residence. Shortly thereafter, the appellant was issued a citation for disturbing the peace by a Tulsa police officer.

In his first two assignments of error, the appellant contends that the ordinance under which he was charged and convicted is unconstitutional as being vague and overbroad, and unconstitutional as applied to him, for it unduly restricts the free exercise of his religion.

Our analysis begins with two separate considerations. First, an ordinance is presumed to be valid and constitutional, with the burden of proof allocated to the party attacking the ordinance. See, *Carroll v. State*, 620 P.2d 416 (Okl.Cr.1980), and cases cited therein. Second, the freedom of expression guaranteed by the First Amendment is not an absolute privilege. One may not put forth his views whenever, however, and wherever he may please, *Greer v. Spock*, 424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976), or as Justice Holmes stated succinctly, "[t]he most stringent protection of free speech would not protect a man in falsely shouting fire in a theatre and causing a panic." *Schenck v. United States*, 249 U.S. 47, at 52, 39 S.Ct. 247, at 249, 63 L.Ed. 470 (1919).

Title 27, § 401(B) of the City of Tulsa Revised Ordinances provides as follows:

It shall be an offense for any person at any time to willfully or maliciously disturb the public peace or quietude or the life, health or safety of any individual in any manner, by creating any noise of such character or duration so as to be loud, disturbing and/or unnecessary, including but not limited to the following:

B. The playing of any radio, phonograph or any musical instrument in any manner or in such volume, particularly during the hours between 11:00 p.m. and 7:00 a.m. so as to annoy or disturb the quiet, comfort or repose of any person in any dwelling, hotel or other type of residence.

A statute or ordinance is not unconstitutionally vague if the potential violator is given fair warning of the nature of the proscribed conduct. *Rovan v. United States Post Office*, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970). The ordinance now challenged prohibits only the playing of radios, phonographs, or musical instruments at such a volume so that the peace and quiet of another person in his residence is disturbed. We find that this concept is sufficiently a matter of common knowledge so that an average citizen can determine with reasonable certainty what conduct is proscribed. See, *Profit v. City of Tulsa*, 574 P.2d 1053 (Okl.Cr.1978), and cases cited therein.

The doctrine of overbreadth holds that a penal statute or ordinance may be unconstitutional even if not vague if the prohibition infringes upon constitutionally protected freedoms. *Profit, supra.* While it is beyond question that freedoms protected by the First Amendment cannot be wholly denied, it is equally clear that nondiscriminatory, reasonable legislation which regulates the time, the place, and the manner of expressive activity is permitted to further significant government interests. *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

Certainly, maintaining the peace and the privacy of a citizen's home is a significant interest which a municipality can protect through use of its police power. *Kovacs v. Cooper*, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed.

513 (1949). To prevent aural aggression, a municipality can regulate the quantity of noise. *Saia v. New York*, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948). As Justice Marshal stated in *Grayned*, supra, "[i]f overamplified loudspeakers assault the citizenry, government may turn them down." We therefore find that the ordinance, which regulates only the volume at which music is played, is not overbroad.

 With respect to the appellant's claim that Section 401(B) unduly restricts the free exercise of his religion, we note that the ordinance does not prohibit the dissemination 'of his religious views, nor does it prevent the playing of amplified music. All the ordinance requires is that if music is played, that the volume of the loudspeakers be adjusted so that the peace of citizens inside their dwellings is not disturbed. We do not believe that such a request is unreasonable, or that any First Amendment freedom is thereby abridged. See, *Saia*, supra. In his final assignment of error, the appellant raises numerous allegations as to the sufficiency of the evidence. These claims may be grouped into two general categories. First, the appellant attacks the credibility of the State's witnesses. The rule in Oklahoma has long been, however, that the credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of fact. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). Second, the appellant asserts that as the evidence is uncontroverted that he was not playing an instrument, it follows that he did not violate the ordinance. The record reveals that the appellant admitted that he was in charge of all aspects of the revival including the music. Since he directed the activity which violated the ordinance, he was subject to punishment as a principal. 22 O.S.1981, § 432. This assignment of error is without merit.

The judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.