John Henry BRITT, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–611.

Court of Criminal Appeals of Oklahoma.

June 25, 1986.

Nathan J. Gigger, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

John Henry Britt Jr., the appellant herein, was convicted by a jury in the District Court of Oklahoma County, Case No. CRF–82–1811, for the offense of Murder in the First Degree, and was sentenced to life imprisonment. Judgment and sentence was imposed in accord with the jury's verdict, and we affirm.

On November 3, 1981, Urser Carr was shot and killed during a robbery attempt at City Jewelry and Pawn Shop on Northwest 23rd Street in Oklahoma City. Appellant's arrest for this crime was based on statements by the victim and John Wesley Phillips, the victim's friend, that appellant and another man were seen in the store the day of the murder. Soon after Mr. Carr was shot, he made a dying declaration to investigators that two black men who had been in the store earlier that day had returned and attempted to rob him. Mr. Carr stated that his friend Phillips was in the store earlier when the two men were there, and that Phillips knew one of the men as "John". Phillips later told police that one of the men he saw in the store that day was the appellant.

In addition to this evidence, the State also produced evidence at trial, that one of appellant's fingerprints was found in the pawn shop. A ballistics expert also testified that the .38 caliber bullet which killed Mr. Carr could have been fired from the .38 caliber pistol found in appellant's closet by police.

### I.

In his first assignment of error, the appellant claims his right to confrontation as guaranteed by the Sixth Amendment to the U.S. Constitution, was abridged when the trial court permitted the reading of Phillips' statement at preliminary hearing in lieu of his testimony at trial. We disagree.

On May 6, 1982 a preliminary hearing on this case was held before the Honorable Leonard Geb, Special District Judge. Appellant was represented by counsel, David C. Shapard of Oklahoma City. During the course of the preliminary hearing, Phillips was called to testify. He was sworn as a witness, and his testimony was reported by Marilyn J. Robertson, C.S.R., an official stenographic court reporter. Phillips testified that he had entered the pawn shop on the afternoon in question in order to pay interest on a loan. When he arrived, he saw the appellant and another man inside the shop. Phillips was acquainted with the appellant. Phillips testified Mr. Carr appeared nervous because of appellant's presence; in fact, Mr. Carr showed Phillips a pistol kept behind the counter. Phillips spoke briefly with the appellant, and appellant left with the other man. Shortly thereafter, Phillips left the shop. The record reflects that Phillips was subjected

to a lengthy and probing cross-examination by attorney Shapard.

At trial, the State again called Phillips as a witness. On this occasion, however, Phillips refused to testify, basing his refusal on the First and Fourteenth Amendments to the Federal Constitution.[1] After Phillips repeatedly refused to testify, the trial court allowed the prosecution to use Phillips' statement at preliminary hearing, as contained in an official court transcript, in lieu of his live testimony at trial.

Our Evidence Code provides at 12 O.S. 1981, § 2804(B)(1) that "[t]estimony given as a witness at another hearing of the same ... proceeding" is "not excluded by the hearsay rule if the declarant is unavailable as a witness[.]" Section 2804(A)(2) instructs that a witness is unavailable if he or she "[p]ersists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so[.]" Clearly, under this section, Phillips' statements at preliminary hearing were admissible as a substitute to his live testimony at trial. However, the issue in this case is not the admissibility of this evidence under the Evidence Code; the question is whether admission of Phillips' preliminary hearing testimony violated the Confrontation Clause of the Sixth Amendment.

The Sixth Amendment provides an accused with the right to "be confronted with the witnesses against him." The United States Supreme Court has emphasized that this provision reflects the Founding Fathers, "preference for face-to-face confrontation at trial, and that a 'primary interest secured by [the provision] is the right of cross-examination.'" Ohio v. Roberts, 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980), quoting, Douglas v. Alabama, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965). However, the right to confrontation is not absolute; instead, the Supreme Court has stated "general rules of law of this kind [i.e., the right to confrontation], however beneficent in their operation and valuable to the accused, must occasionally give way to considerations of public policy and the necessities of the case." Mattox v. United States, 156 U.S. 237, 243, 15 S.Ct. 337, 340, 39 L.Ed. 409 (1895). See also, Ohio v. Roberts, supra, 448 U.S. at 64, 100 S.Ct. at 2538 ("every jurisdiction has a strong interest in effective law enforcement, and in the development and precise formulation of rules of evidence applicable in criminal proceedings"). This Court has accordingly held that the Constitution "does not preclude the use of ... preliminary hearing testimony, in proper circumstances." In Re Bishop, 443 P.2d 768, 772 (Okl.Cr.1968) (Emphasis added). Accord California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

In order to determine these "proper circumstances", or, as the Supreme Court has stated, to "accomodate [the] competing interests", a "general approach" has been formulated by the U.S. Supreme Court to deal with the issue:

The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. See Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). See also Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900); California v. Green, 399 U.S., at 161–162, 165, 167, n. 16, 90 S.Ct., at 1936–1937, 1938, 1939, n. 16.

The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the

---

1. Phillips, a Black Muslim, claimed it would violate his religious principles to testify at trial.

Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' *Snyder v. Massachusetts*, 291 U.S. [97] at 107, 54 S.Ct. [330], at 333 [78 L.Ed. 674]. The principle recently was formulated in *Mancusi v. Stubbs:*

'The focus of the Court's concern has been to insure that there "are indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant," *Dutton v. Evans, supra,* [400 U.S. 74] at 89, 91 S.Ct. [210], at 220 [27 L.Ed.2d 213] and to "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement," *California v. Green, supra,* 399 U.S., at 161, 90 S.Ct., at 1936. It is clear from these statements, and from numerous prior decisions of this Court, that even though the witness be unavailable his prior testimony must bear some of these "indicia of reliability."' 408 U.S., at 213, 92 S.Ct., at 2313.

The Court has applied this 'indicia of reliability' requirement principally by concluding that certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection.' *Mattox v. United States*, 156 U.S. [237] at 244, 15 S.Ct. [377], at 340 [39 L.Ed. 409]. This reflects the truism that 'hearsay rules and the Confrontation Clause are generally designed to protect similar values,' *California v. Green*, 399 U.S., at 155, 90 S.Ct., at 1933, and 'stem from the same roots,' *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970). It also responds to the need for certainty in the workaday world of conducting criminal trials.

In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

*Ohio v. Roberts, supra,* 448 U.S. at 65–66, 100 S.Ct. at 2538–2539. (Emphasis added).

In our application of these two factors to the case at bar, we find the Supreme Court's decision in *California v. Green, supra,* particularly instructive. In *Green,* the defendant was accused of selling marijuana to a sixteen-year-old boy named Porter. When arrested by an undercover narcotics officer for selling marijuana, Porter claimed he was supplied the marijuana by Green. At the preliminary hearing in Green's case, Porter, who was extensively cross-examined by defense counsel, again named Green as his supplier. However, at trial, Porter became evasive, claimed he had been "high" on LSD at the time of his arrest, and did not know who sold him the marijuana. On cross-examination, the prosecution was permitted to introduce the preliminary hearing statement for the truth of what Porter had said. In the course of its opinion, the Supreme Court determined that the prosecution had sufficiently met the necessity, or unavailability factor. *Id.* 399 U.S. at 166, 90 S.Ct. at 1939. In discussing this issue, the Court stated:

[w]hether Porter then testified in a manner consistent with his preliminary hearing testimony, claimed a loss of memory, claimed his privilege against compulsory self-incrimination, *or simply refused to answer,* nothing in the Confrontation Clause prohibited the State also from relying on his prior testimony to prove its case against Green.

*Id.* at 167–68, 90 S.Ct. at 1940 (Emphasis added). Based on this language, we hold that witness Phillips was "unavailable", and thus a necessity existed for using his preliminary hearing statements as evidence against appellant.

It also is clear to this Court that Phillips' prior testimony bore an adequate "indicia of reliability" as to be admissible. *See Ohio v. Roberts, supra.* *First,* the hearsay rule under which the statements were admitted rests on a solid foundation. *See Mancusi v. Stubbs,* 408 U.S. 204, 213–16, 92 S.Ct. 2308, 2313–14, 33 L.Ed.2d 293 (1972) (cross-examined prior-trial testimony rests on hearsay exceptions which comports with the substance of the Sixth Amendment protection). *Second,* the manner in which the previous testimony was taken sufficiently insured the reliability of the evidence. As in *California v. Green,* the

[witness'] statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. [The witness] was under oath; [the defendant] was represented by counsel ...; [the defendant] had every opportunity to cross-examine [the witness] as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings.

*Id.* 399 U.S. at 165, 90 S.Ct. at 1938. The only distinguishing factor is that different counsel represented appellant at preliminary hearing and at trial. However, there is no indication in the record that counsel at preliminary hearing was incompetent, so as to effect the reliability of the testimony adduced at that hearing. This assignment of error is without merit.

## II.

■ Appellant's second assignment of error attacks the sufficiency of the evidence. He claims the evidence in this case was wholly circumstantial, did not "exclude every reasonable hypothesis other than that of guilt" and did not "amount to more than mere suspicion." *Brief of Appellant,* p. 40, citing *Williams v. State,* 478 P.2d 359 (Okl.Cr.1970). We disagree.

In *Ritter v. State,* 84 Okl.Cr. 418, 183 P.2d 257 (1947), a case cited by appellant, this Court noted "[t]o sustain a conviction

of crime, each and every material element must be supported by the evidence ..." and that "the evidence inculpating the defendant should do so to a degree of certainty transcending mere probability or strong suspicion." *Id.* at 259. Accordingly, a murder conviction, even if based on circumstantial evidence, will not be disturbed "if there is substantial evidence ... from which a reasonable and logical inference of guilt arises." *Stidham v. State,* 507 P.2d 1312, 1323 (Okl.Cr.1973). In this case, Carr's dying declaration, Phillips' testimony, and the expert testimony regarding the appellant's gun and fingerprint, produced substantial evidence of guilt, and we will not reverse the conviction on this basis.

## III.

In his next two assignments of error, the appellant challenges the trial court's decision to admit evidence of appellant's prior convictions for impeachment value, and various photographs and physical evidence gathered by the police.

■ It is sufficient to note that 12 O.S. 1981, § 2609(A) allows a witness to be impeached through proof of prior criminal convictions. In this case, each of the prior convictions alleged was subject to imprisonment for more than one year. *See* 12 O.S. 1981, § 2609(A)(2). The prosecutor did not go into the details of the convictions as forbidden by *Little v. State,* 79 Okl.Cr. 285, 154 P.2d 772 (1945). We cannot say the trial court abused its discretion in allowing admission of this evidence.

■ Furthermore, regarding the other evidence admitted, we have previously held that rulings regarding relevance and materiality of evidence are within the trial court's discretion. *See Owens v. State,* 665 P.2d 832 (Okl.Cr.1983). This evidence—the pistol found underneath the victim's body, the pistol found in appellant's closet, and various photographs depicting the inside of the pawnship—all had some relevance and were not unlawfully prejudicial to the accused.

This assignment of error is without merit.

BUSSEY, J., concurs.

BRETT, J., concurs specially.

BRETT, Judge, specially concurring.

I concur in this opinion but I point out that this Court adopted a new test for challenging the sufficiency of the evidence in *Spuehler v. State*, 709 P.2d 202 (1985), which requires a reviewing court to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."