James L. GOODWIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–232.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1986.

M.L. Addicott, Wyatt, Addicott & Austin, Ada, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

James L. Goodwin, hereafter referred to as appellant, was tried by a jury in Pontotoc County District Court, in Case No. CRF–84–36, on October 24, 1984, on two counts of Knowingly Concealing Stolen Property, under 21 O.S.1981, § 1713, and two counts of Altering Automobile Number Plates, under 47 O.S.1981, § 4–107(a), after two or more former felony convictions. The jury assessed punishment at twenty (20) years under the custody and control of the State Department of Corrections on each count. From those convictions appellant lodged this appeal. At the conclusion of the State's case, appellant demurred to the State's evidence, which was overruled. Appellant elected to present no witnesses and rested. This being a bifurcated trial on after former convictions charges, appellant offered to testify himself concerning the time his former sentences were satisfied, but the trial judge refused to allow the testimony. Appellant then moved to include in the second stage proceedings all of the record made on his motion to quash heard October 11, 1985, and demurred to the State's evidence and rested on the second stage of the proceedings.

It was alleged in the information that appellant had in his possession two stolen trucks. One was a 1982 Mack truck and the other was a two-ton International Harvester Truck. It was also alleged that on the 1982 Mack Truck, the identification number shown on the driver's door was different from the VIN number shown on the original factory plate welded on the truck frame. The VIN number shown on the door was from a 1976 truck owned by appellant. On the 1980 Mack Truck, a metal bracket had been welded over the spot on the engine where the vehicle identification number should have been. No number was visible. The identification number shown on the driver's door showed a number registered to a 1972 Two Ton International Harvester truck, shown to belong to appellant.

■ Appellant's first assignment of error asserts that the trial judge committed error when he denied appellant's request for a continuance on the first day of trial. Appellant asserted that he desired to change attorneys and that the attorney he wished to represent him had not had sufficient time to prepare for trial and therefore the denial of the motion for continuance prejudiced him. The trial judge conducted

a hearing to ascertain sufficient facts to satisfy himself that the retained attorneys who had been representing appellant were present and were sufficiently prepared and ready to conduct the trial. Also, insofar as the jury panel had been drawn for voir dire of the trial jury, that the State's witnesses were present, one of whom was from out-of-state and another who had travelled some two hundred miles to be present, was sufficient reason to deny appellant's motion for continuance.

■ A motion for continuance of trial is directed to the sound discretion of the trial judge. *Henegar v. State,* 700 P.2d 659 (Okl.Cr.1985); *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). In this case it is clear from the record that the trial judge did not abuse his discretion when he denied the continuance; nor, has appellant shown how he was prejudiced.

In his second assignment of error, appellant asserts that the former convictions should not have been used because they were more than ten years old and fell under the provisions of 21 O.S.1981, § 51(A). Part B to the information alleged that appellant had two former felony convictions: CRF–69–107 in Pontotoc County for Knowingly Concealing Stolen Property, for which his sentence was modified on appeal to three years; and CRF–69–68, in Hughes County for Second Degree Burglary, for which he was sentenced to four years.

21 O.S.1981, § 51(A) provides a limitation on the use of former convictions and provides:

No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.

It is appellant's contention since he was granted a parole from the Pontotoc County sentence in CRF–69–107, on June 5, 1973, which caused his actual release on Parole

from the Oklahoma Prison System on August 30, 1973, that was the date from which the ten year period is compiled and therefore more than ten years had elapsed. It appears to be his contention that notwithstanding the fact that appellant was paroled to a federal detainer that the Oklahoma Department of Corrections lost complete care, custody and control over appellant and hence the sentence was satisfied. He cites *Nipps v. State,* 576 P.2d 310, 312 (Okl.Cr.1978), which states: "We agree with the defendant that he satisfied his sentence when the Department of Corrections relinquished their control of the defendant and unconditionally released him." When appellant was paroled to the federal detainer he was not unconditionally released. *See Ex parte Walford,* 74 Okl.Cr. 138, 124 P.2d 264 (1942). Attached to the parole were certain conditions that appellant was required to meet, otherwise his parole would be subject to revocation. In that event he would be returned to the Department of Corrections to satisfy the sentence from the date parole was granted.

■ This Court held in *Clonce v. State,* 588 P.2d 584 (Okl.Cr.1979), which we now approve, that the burden is upon the defendant to come forward with evidence to show that the sentence of a former conviction has been satisfied for more than ten years and is not admissible. In the instant case such proof was not provided the trial court. Appellant's contention that his satisfaction date was the date of his parole is without merit.

■ In his third assignment of error appellant asserts that appellant suffered prejudice by the trial judge's failure to sever the four counts. Appellant cites *Kramer v. State,* 97 Okl.Cr. 36, 257 P.2d 521 (1953) to support his position, but that case was decided prior to the enactment of statutes authorizing the joinder of counts in one information. In the instant case all four counts allege that on January 3, 1984, the stolen property was discovered and that the vehicle numbers were altered. *See* 22 O.S.1981, § 436, which was enacted in 1968.

*Also see Allison v. State,* 675 P.2d 142 (Okl.Cr.1983). Under the facts of this case error was not committed when the trial court denied the motion to sever.

In his fourth assignment of error appellant asserts that the trial judge committed reversible error when he did not answer the jury's written question to the court. The jury inquired, "... would the sentences for each count run concurrently?" The trial judge assembled the assistant district attorney and the defense counsel to ponder the question. Defense counsel moved for a mistrial because of "improper deliberations" of the jury. The judge denied the motion and consulted further with both attorneys and answered the jury, "You have all the instructions that you are to consider. This is not a matter for your consideration." No further objections were made by either side.

■ Appellant cites *Craig v. State,* 31 Okl.Cr. 19, 236 P. 909 (1925) to support his contention that error was committed. However, in *Adams v. State,* 314 P.2d 371, 375 (Okl.Cr.1957), this Court held that *Craig* was in effect overruled by *Ladd v. State,* 89 Okl.Cr. 294, 207 P.2d 350, 351 (1949). This Court held in *Gaines v. State,* 568 P.2d 1290 (Okl.Cr.1977), that the trial court did not err when it told the jury that questions concerning the amount of time the defendant was to serve before he would be eligible for parole were not matters for their consideration. *See also Bosin v. State,* 565 P.2d 1061 (Okl.Cr.1977). Likewise, insofar as no objection to the written answer was made by defendant this assignment is without merit. *Choate v. State,* 476 P.2d 384 (Okl.Cr.1970).

■ In his fifth assignment appellant asserts that the trial court committed error when it refused to give his requested instruction concerning the ten year limitation under 21 O.S.1981, § 51(A). The court's instruction number 9, instructed under 21 O.S.1981, § 51, that a crime, committed by one who has been twice convicted of felony offenses, and committed within ten years of the date following the completion of the execution of his last sentence, is punishable by imprisonment in the State Penitentiary for not less than twenty years. Appellant asserts that the jury should have been allowed to compute the ten year period in order to apply Section 51(A). However since we have already found that appellant did not provide sufficient proof that such computation should be made from the date of parole and since the court had already found, at the hearing on the motion to quash, ten years had not elapsed since appellant's sentences had been satisfied, this contention is without merit. Further, instructions given to the jury are left to the discretion of the trial judge, and that discretion will not be interfered with as long as the instructions, considered as a whole, fairly and correctly state the applicable law. *Allison v. State,* 675 P.2d 142 (Okl. Cr.1983).

■ In his sixth assignment of error the appellant contends that the trial court should have instructed the jury on the misdemeanor offenses described in 47 O.S. 1981, § 4–107(b) and (d). He admits that no such instructions were requested. Appellant correctly asserts that the trial court must instruct the jury on lesser included offenses that are reasonably supported by the evidence. *See Koonce v. State,* 696 P.2d 501 (Okl.Cr.1985). Here, however, the evidence did not warrant giving the additional instructions. The appellant was charged with altering the vehicle identification numbers on two trucks. The State proved not only that the identification numbers on two stolen trucks were changed, but that the altered numbers matched the identification numbers of trucks legitimately belonging to the appellant. In light of this proof, the trial court should not have instructed sua sponte on the said misdemeanor offenses.

Appellant's eighth assignment of error is without merit. The instructions in places referred to "felony," but the instructions properly provided for the minimum punishment to be twenty years if the jury found appellant guilty on each count, "After having been twice convicted of felony offenses, you will so state in your verdict." On each

count the jury's verdict read, in part, "after having been twice convicted of felony offenses, and assess punishment at imprisonment in the state penitentiary for a term of 20 years."

 Appellant's seventh assignment of error asserts that the sentences imposed on each count, that is, twenty years, should shock the conscience of the Court. Insofar as each is the minimum sentence for each respective count, they do not shock the Court's conscience. However, it is this writer's opinion that the running of the sentences consecutively is excessive punishment. But because of my colleague's positions, the majority of the Court are of the opinion that the provision for the consecutive sentences is not excessive, due to the former convictions of appellant. Therefore, it must be the decision of this Court that the four sentences shall be made to run consecutively.

It is therefore the order of this Court that the judgments and sentences in CRF–84–36, which provide for the sentences on four counts to run consecutively shall be affirmed.

PARKS and BUSSEY, JJ., concur.