Bobbie Lee OWENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–157.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1987.

On Rehearing Jan. 12, 1988.

---

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Bobbie Lee Owens, was tried by jury and convicted of First Degree Rape (21 O.S.1981, § 1114), in Oklahoma County District Court, Case No. CRF-81-2609, before the Honorable Joe Cannon, District Judge. The jury recommended a sentence of ten (10) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm the judgment and remand for resentencing.

Appellant's first trial in 1981 resulted in a mistrial upon the motion of trial counsel.

Appellant was next tried in 1982. Appellant failed to properly perfect his direct appeal, but was granted an appeal out of time in 1984. Briefs were filed in 1986. D.M. testified that she met the appellant at a club called Mardee's around 11:00 p.m. on June 2, 1981. The prosecutrix had met and become acquainted with the appellant several weeks before. During the early morning hours of June 3, 1981, D.M. accompanied the appellant to his home in Oklahoma City. D.M. testified that she asked to use the restroom and, when she came out of the bathroom, the appellant pushed her down on the bed, pushed her hands up and placed a rope over her right wrist. D.M. said that as she struggled the rope tightened, and the appellant placed another rope over her left hand. D.M. testified that the appellant pushed her blouse up, pulled down her jeans, and took several pictures. She said that the appellant showed her a gun, and then took another picture. According to D.M., the appellant removed his clothes and D.M.'s jeans and panties, and then had sexual intercourse with D.M. without her consent.

Pursuant to a search warrant, the police searched the appellant's residence and seized several pieces of white cord, two torn photographs of D.M., and a pellet pistol. The appellant testified at trial that D.M. suggested that he tie her up to the bed, that she became upset when he took two pictures of her, but that she later had consensual sexual intercourse with him. Appellant stated that D.M. started crying again when he told her he would not fix her car, and that she called him names and told him he would "pay for this." The appellant denied having sex with D.M. against her will, or showing her a gun.

In his first assignment of error, appellant claims that the trial court erred in admitting State Exhibit No. 5, which was a Crossman pellet pistol. D.M. testified at trial that the appellant "showed" her a gun before he raped her. She said that State Exhibit No. 5 looked like the gun the appellant showed her. The admissibility of demonstrative evidence is a question of legal relevance within the sound discretion of the

trial court, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Diaz v. State,* 728 P.2d 503, 512 (Okla.Crim.App.1986); *Banks v. State,* 701 P.2d 418, 425 (Okla.Crim.App.1985). On this record, we cannot say that the trial court abused its discretion, as the evidence was relevant and not unduly prejudicial. *See Britt v. State,* 721 P.2d 812, 816 (Okla. Crim.App.1986). This assignment of error is without merit.

■ Appellant next asserts that he was denied a fair trial when the trial court allowed Oklahoma City Police Detective Don Landes to testify to the appellant's denial of ever tying D.M. to a bed or having knowledge concerning rope burns on her wrists. Detective Landes' testimony related to statements made by the appellant to Landes during an interview following appellant's arrest. Appellant does not claim that the statements were involuntary, but argues that the testimony was improperly based on Detective Landes' reliance on his written report rather than his personal knowledge. Under 12 O.S.1981, § 2602, a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the testimony of the witness himself...." Having reviewed Detective Landes' testimony at trial, we believe it is sufficient to support a finding that his testimony was based on his personal knowledge. Moreover, to the limited extent that Detective Landes relied upon his own written report to refresh his recollection, such was proper under 12 O.S.1981, § 2612. Appellant has apparently failed to recognize "the distinction which exists between refreshing the recollection [of a witness] and introducing a writing pursuant to the recorded recollection exception to the hearsay rule of Section 2803(5) which requires that certain specified foundational requirements be met." 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 226 (1985). The trial transcript shows that the written report was not admitted into evidence. Defense counsel thoroughly cross-examined Detective Landes concerning his recollection of the appellant's statements. The credibility of witnesses and the weight to be given their testimony is within the exclusive province of the trier of fact. *Howard v. City of Tulsa,* 712 P.2d 797, 799 (Okla.Crim.App.1986). This assignment is without merit.

■ In his third assignment of error, the appellant urges that the trial court erred in refusing to instruct on the defense of consent. Although it is true that trial counsel initially requested an instruction on consent, the trial transcript shows that shortly thereafter trial counsel stated: "No objections to the instructions that the Court has filed in this matter and the Defendant would have tendered two requested instructions, but they both have been properly covered by the Court's." (Tr. 428) Based on the foregoing, we agree that the instructions, considered as a whole, fairly and accurately stated the applicable law. *See Goodwin v. State,* 730 P.2d 1202, 1205 (Okla.Crim.App.1986). This assignment is without merit.

In his fourth assignment of error, appellant urges this Court to modify his ten (10) year sentence to the minimum sentence of five (5) years under 21 O.S.1981, § 1115, because the trial court failed to conduct a presentence investigation. The trial court clearly erred in failing to conduct a presentence investigation under 22 O.S.1981, § 982, as that section is mandatory subject to four exceptions, none of which are applicable here. *See Sheppard v. State,* 670 P.2d 604, 606 (Okla.Crim.App.1983). The State concedes that error occurred, and states that it has no objection to remanding this case for a presentence investigation and resentencing. Therefore, this case must be remanded for resentencing in accordance with the foregoing. *Sheppard, supra.*

Finally, appellant urges that the cumulative effect of errors require a reversal or modification. Having found no error requiring reversal of appellant's conviction or modification of his sentence, this assignment is without merit.

Accordingly, for all of the foregoing reasons, the judgment is AFFIRMED and the

case is REMANDED to the district court for resentencing consistent with this opinion.

BRETT, P.J., and BUSSEY, J., concur.

### OPINION ON REHEARING

This Court handed down an opinion in the above-styled cause on December 2, 1987, affirming petitioner's conviction, but remanding for a presentence investigation report and resentencing. Petitioner requests a rehearing asserting that "it was never his desire to appeal that portion of his sentence wherein he was denied a presentence investigation and that he has since totally discharged his sentence and any remand for ... resentencing would be a waste of time and money both of the Court's and petitioner."

IT IS THEREFORE THE ORDER OF THIS COURT that our previous order in the original opinion remanding the above-styled cause for resentencing shall be VACATED, and petitioner's conviction in Oklahoma County District Court, Case No. CRF–81–2609, is otherwise affirmed as per our original opinion. Rehearing is hereby GRANTED for the limited purpose stated herein. The Clerk of this Court is directed to issue the mandate forthwith.

IT IS SO ORDERED.

TOM BRETT, P.J.
HEZ J. BUSSEY, J.
ED PARKS, J.